IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

## MARCH AND JULY TERMS, 1863.

---

PRESENT—JOSEPH H. LUMPKIN, ⎫
RICHARD F. LYON, ⎬ JUDGES.
CHARLES J. JENKINS, ⎭

---

JOHN BIRD, plaintiff in error, *vs.* WILLIAM H. HARVILLE, executor of ANDREW J. STURDEVANT, defendant in error.

1. The defendant sued out a commission to take the testimony of the plaintiff by interrogatories, under the act of 1853, and upon his refusal to answer, without moving against him therefor, defendant filed interrogatories for him, under the Act of 1847, (authorizing discovery at common law,) which were served just sixty days before the term to which they were returnable, and the plaintiff died fifty days after the service. At the trial term, defendant's continuances being exhausted, he moved the Court to dismiss the action by reason of plaintiff's refusal to answer in one case and failure in the other, which motion the Court overruled: *Held*, that under such circumstances this Court will not disturb the discretion exercised by the Court below.
2. The rejection of irrelevant evidence is no ground for a new trial.
3. Plaintiff, as transferee, sued on a note payable to C., or bearer, for $1,000 00; defendant plead that the note is not the property of plaintiff, but of payee; also, that the consideration was illegal, and had failed, also, set-off against payee; defendant proved that plaintiff had given to C. a due bill, promising to pay C. $900 00 when the note of defendant to C. for $1,000 00 was collected: *Held*, that this proof was sufficient to let him into any defense that he might legally have made against the payee, and that any evidence admissible against the latter was admissible in this case.

Andrew J. Sturdevant brought his action of *assumpsit* against John Bird, returnable to the April Term, 1855, of DeKalb Superior Court, upon a promissory note given by defendant, dated 2d August, 1853, whereby he promised on or before the 25th day of December, 1854, to pay to William H. Craft, or bearer, the sum of $1,000 00, for value received.

To this action defendant pleaded : 1st. The general issue. 2dly. That plaintiff was not the *bona fide* holder of the note in his own right, but that it was still the property of the payee, and subject in this action to all the defenses that could be made against it in an action by said payee. 3dly. That the consideration of said note was a promise on the part of the payee, Crafts, to break the jail of DeKalb county, and liberate one Elijah Bird, son of the defendant, there confined under a conviction for murder—that the contract was therefore illegal and void. 4thly. That the consideration (being the same as that stated in the fourth plea) had entirely failed, the said Craft having neither broken the jail nor liberated the said Elijah Bird, nor attempted to do either. 5thly. The set-off of a debt due the defendant by William H. Craft, the payee. When said cause was called for trial, at April term, 1862, counsel for defendant moved to dismiss the same, on the ground that defendant had, in the year 1855, sued out a commission, with interrogatories attached, under the Act of 1853, to take the depositions of plaintiff as a witness in the case, who resided out of said county of DeKalb, which interrogatories he had refused to answer, as was shown by the depositions of Clement C. Howell. And on the further ground, that just sixty days prior to one of the terms of said Court, and after the continuances allowed plaintiff in this case had been exhausted, interrogatories had been served upon the plaintiff, under the Act of 1847, authorizing discoveries at common law, and that plaintiff had neglected and refused to answer them by or before the first day of said term—the fact being admitted that the plaintiff had died ten days prior to said term. The Court refused the motion to dismiss, and defendant excepted. The cause proceeded, and plaintiff having introduced his note in evidence, closed his case.

Defendant's counsel then offered the depositions of John R. Wallace and Thomas Jones in answer to certain interrogatories, to which were attached a due bill in the following words and figures:

"Atlanta, 20th Dec'r, 1854.    Due W. H. Craft, or bearer, the sum of nine hundred dollars, to be paid when a note of one thousand dollars on John Bird, of DeKalb county, is collected.          (Signed)

A. J. STURDEVANT.

In answer to the interrogatories, Jones deposed, "that he had seen Andrew J. Sturdevant write often, and had been with him a great deal, and thought that the body and signature of the attached paper was in the handwriting of Sturdevant, or some one that writes like him." Wallace deposed, "that he had had the paper attached as a member of the firm of J. R. & C. H. Wallace; *received* it from W. H. Craft, (*and held it as collateral security for goods bought of them.*")

The Court permitted said due-bill, and the evidence of said witnesses to go to the jury, except the last clause of Wallace's deposition, included in brackets and italicised, which he rejected, and upon the rejection thereof defendant excepted.

Defendant's counsel then offered to read the depositions of James B. Lofton, regularly taken and returned, who deposed, that just preceding the last term of DeKalb Court, William H. Craft had offered to trade him a note on John Bird, for $1,000, stating that the note was then due, that it was given for his (Craft's) influence with the Legislature in trying to procure Elijah Bird's pardon; that the note was tranferred to his brother-in-law, for the purpose of bringing suit upon it; witness did not see the note. The Court rejected Lofton's depositions, and the defendant excepted.

Defendant then offered to read to the jury the depositions of Joel Young, regularly taken and returned, who deposed, "that he heard W. H. Craft say, that John Bird gave him his note for $1,000, to break Elijah Bird out of jail; this statement was made some two years since—thinks in Decem-

ber, 1853; witness heard W. H. Craft say, he wanted John Bird's money, and did not care if Elijah Bird was hung.

To this evidence plaintiff objected, and the Court rejected it; whereupon defendant excepted. Defendant then offered evidence in support of his set-off, which, upon objection by the plaintiff, the Court rejected, and defendant excepted.

The jury rendered a verdict in favor of the plaintiff, for the full amount of the note; and during the term defendant moved for a new trial on the following grounds:

1. Because the Court erred in not dismissing said action on defendant's motion, by reason of plaintiff's having refused to answer one set of interrogatories, as proven by C. C. Howell, and having failed to answer another set, filed and served, as required in the Act of 1847, to compel discoveries at common law.

2. In rejecting the testimony of John R. Wallace, contained in the latter clause, and in rejecting the testimony of James B. Lofton.

3. In rejecting the testimony of Joel Young.

4. In refusing to allow defendant to prove his set-off.

The Court overruled the motion, and defendant excepted on each ground so overruled.

————, for plaintiff in error.

————, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

1. We think there was no error in the refusal of the Court below to dismiss the suit by reason of the plaintiff's failure or refusal to answer the interrogatories twice issued and served upon him.

As regards the interrogatories issued with a commission, under the Act of 1853, (the first sued out,) it does not appear upon what ground the Court placed the refusal to dismiss. But it would seem that no motion was made upon that refusal during the plaintiff's life; but intervening his refusal and death, the defendant resorted to another method of accom-

plishing the same object, viz: the process of compelling a discovery at common law under the Act of 1847. This may have been considered a waiver by defendant of his right to demand a dismissal of the action for that cause.

The plaintiff's failure to answer the interrogatories filed under the Act of 1847, under the circumstances, certainly afforded no cause for the harsh penalty of a dismissal. That statute allows the party of whom a discovery is sought sixty days after service of the interrogatories. They were served, in this case, *just* sixty days before a term of the Court. The party therefore had the full interval between the service and the first day of the term within which to answer. But he died ten days before the term, having had but fifty days. Under such circumstances, we will not disturb the discretion exercised by the Court below.

2. When the depositions of the witness, Wallace, were offered, the Court admitted his statement that he had received the due-bill of the plaintiff, Sturdevant, to Craft, from the hands of the latter, and the due-bill itself. The additional statement that he had received it as collateral security for a debt of Craft, is simply irrelevant, and that was enough to justify its rejection.

3. The remaining exceptions, viz: to the rejection of the evidence of James B. Lofton and Joel Young, and the evidence in support of the plea of set-off, we will consider together; all depending upon the same rules of law.

The evidence of Lofton and Young, consisted of the sayings of Craft (the payee of the note) showing, first, a continuing interest in and ownership of the note, and secondly, the consideration for which it was given. If the declarations of Craft were admissible for any purpose, they certainly were so for the purpose thus stated, because by the answer of the defendant, the facts sought to be proven, were pleaded, and constituted his chief defense. The inquiry is, whether a foundation had been laid for the admission of Craft's declarations. They were objected to because he was no party to the action, and they were not made in the presence of the

plaintiff, or under circumstances from which his assent to their verity could be legally implied.

The note was upon its face negotiable by delivery, and was therefore, *prima facie*, the property of any person having the possession of it. Such was the position of Sturdevant, the plaintiff below. He had the possession of the note, and asserted his title to it, in this action. But this was not conclusive upon the defendant. He, by his pleas, assumed the *onus* of establishing the payee's continuing interest in, and title to the note, as the foundation of his defense.

He offered in evidence, a due-bill of the plaintiff to Craft, the payee of the note in suit, (having first proven that the body of the due-bill, as well as the signature, were in the handwriting of the plaintiff,) as follows:

"ATLANTA, December 24th, 1854.

"Due W. H. Craft, or bearer, the sum of nine hundred dollars, to be paid when a note of one thousand dollars on John Bird, of DeKalb county, is collected.

"(Signed)                     A. J. STURDEVANT."

The Court very properly admitted this evidence. But why? Certainly not because it precluded the plaintiff's right to have and maintain his action; nor because it threw any light upon the original transaction between the maker and payee of the note. It could only be admissible in support of so much of the answer as denied plaintiff's *bona fide* title to the note referred to in it, and averred Craft's continuing interest in it.

The Court, doubtless, considered it proper evidence, to aid the jury in determining the issue thus made upon the rightful ownership of the note. In the present state of the pleadings, we are not called upon to decide whether or not, it was sufficient proof to authorize a finding by the jury that the note was the property of the payee, and not of the plaintiff, who had been put forward, to preclude a substantial defense, by the maker. The Court below, by admitting the due-bill, conceded its pertinency to the issue, and the legality of the general line of defense, as set forth in the answer. Had

Bird *vs.* Harville.

either of these been wanting, there would have been error in admitting the due-bill. We think it was properly admitted, and that it was sufficiently strong, to require of the Court a reference to the jury, upon it, of the fact it was intended to establish. But of what avail would this be to the defendant, unless he were permitted to follow it up with such evidence, as was needed to support other parts of his defense, (that of illegal consideration for instance, or of set-off) such evidence, as would have been indispensable to defeat a recovery by the payee himself? Yet the Court below having admitted this evidence, worthless to the defendant and clearly irrelevant, unless it admitted him to other parts of his defense, immediately closed that door in his face, rejecting all else.

Here was evidence, by the plaintiff's own admission, that in the event of his recovering the note here sued on, he was bound to pay over to Craft, the payee, nine hundred dollars, retaining for himself only one hundred dollars; by no means an extravagant commission for the service of collecting. Without intending to prejudge any question which may arise in the further progress of this case, our opinion is, that the defendant had laid the foundation for the admission of any evidence which would have been admissible, had Craft been the plaintiff instead of Sturdevant. The evidence should have been admitted, except so much of Craft's statement to Lofton, as referred to a consideration for the note not set out in the answer of defendant; and the jury should have been charged that they must be satisfied by evidence, other than the declarations of Craft, that he, Craft, was the *bona fide* owner of the note, before considering his declarations; but if so satisfied, they must give the same effect to Craft's declarations, and allow the defendant the same defense, as though Craft were the plaintiff in the case, except that they could not find any balance against the plaintiff, by reason of the set-off. For error, therefore, in rejecting Lofton's evidence, (as above qualified) and in rejecting Young's evidence, and in rejecting evidence in support of the set-off, we reverse the judgment of the Court.

Let the judgment be reversed.