## HERNDON *v.* BLACK.

*Atkinson, J.*—1. Where a distress warrant was issued, to which a counter-affidavit was filed, and upon the trial of the issue thus made in a justice's court, the magistrate, after hearing the evidence of the plaintiff, rendered a judgment dismissing the warrant and awarding the costs against the plaintiff, such judgment was, in effect, equivalent to a judgment of nonsuit only, and constituted no bar to the issuing of a second distress warrant for the rent alleged to be due in the first. After the filing of the counter-affidavit, the first warrant became mesne process, the trial was similar to that of an action at law, and there was no general judgment for the defendant. See *Phipps* v. *Alford*, 95 *Ga.* 215, and cases there cited.

2. There was no error in overruling the defendant's objection to the admission in evidence of the written contract referred to in the third ground of the motion for a new trial, the objection being that the paper was mutilated and altered materially by cutting off a portion thereof. Attached to the bill of exceptions was a facsimile of this paper, and it does not appear upon inspection to have been materially mutilated or altered.

3. Where it appears that a considerable mass of testimony was offered, apparently as a whole, the greater part of which was manifestly irrelevant, it was not error to rule out all of it, although some portion of the same may have been relevant and pertinent. If there was any error at all in ruling out the letters offered in evidence by the defendant, it was not of sufficient importance to require a new trial.　　*Judgment affirmed.*

July 29, 1895. By two Justices.

Distress warrant. Before Judge Reese. Oglethorpe superior court. October term, 1894.

*Samuel H. Sibley*, for plaintiff in error.
*William M. Howard*, contra.