ELLIS, for use, etc., *v.* POE & BROTHER.

109  422
a110 821

There was no error in refusing to allow the introduction in evidence of a voluminous document, tendered as a whole, which contained much irrelevant matter and but little that was pertinent to the issue in controversy, when there was nothing to prevent the party offering the same from pointing out and tendering separately the relevant portion of the paper.

Argued November 10,— Decided December 6, 1899.

Action on contract. Before Judge Smith. Montgomery superior court. April term, 1899.

*Williams & Williams*, for plaintiff.
*J. H. Martin*, for defendants.

LUMPKIN, P. J. This was an action by Ellis, for the use of Greig & Jones, against J. W. Poe & Brother. The petition made, in brief, the following case: A firm composed of Ellis and Ludlam, manufacturers of naval stores, had extensive dealings with Greig, Jones & Wood, of the city of Savannah, in the course of which the latter firm made advances to the former. Having thus become indebted to Greig, Jones & Wood, the firm of Ellis & Ludlam entered into a written contract with the Savannah partnership, embracing stipulations of divers kinds and including a mortgage upon much property, both real and personal, and also an agreement whereby Ellis & Ludlam bound themselves to ship to Greig, Jones & Wood certain naval stores which the latter were to handle for stipulated commissions and out of the proceeds of which they were to reimburse themselves for money advanced to Ellis & Ludlam. Subsequently Wood retired from the Savannah partnership and a new firm was formed, composed of Greig and Jones, who succeeded to all the contract rights of the original partnership. Ludlam, the partner of Ellis, fraudulently, and in violation of so much of the above-mentioned contract as related to the shipment of naval stores, sold and delivered to Poe & Brother designated quantities of turpentine and rosin of a stated value, they receiving the same with knowledge of the contract rights of the Savannah partnership and of the fact that Ludlam had no right or authority to sell and deliver these goods to them. The prayer of the petition was that Ellis recover of

Poe & Brother, for the use of Greig & Jones, the value of the said turpentine and rosin. When the case came on for trial the plaintiff offered in evidence the instrument above mentioned, to the introduction of which the defendants objected on numerous grounds, one of which was that the paper was irrelevant. The court thereupon rejected the same, and the plaintiff, offering no further testimony, was nonsuited. The only complaint in the bill of exceptions is that the court erred·in not allowing him to introduce in evidence the contract between his firm and the Savannah firm. We are not now called on to pass upon the merits of the plaintiff's case as laid, and shall therefore confine ourselves to a decision of the single question presented for determination.

An examination of the written instrument tendered in evidence discloses that much of it—indeed, the greater part of it—was totally irrelevant. It was exceedingly voluminous, and embraced detailed stipulations as to numerous matters which had no possible bearing upon the alleged misconduct of Ludlam and of Poe & Brother. In fact, the only portion of the same at all pertinent was that portion setting forth the agreement of Ellis & Ludlam to ship naval stores to Greig, Jones & Wood. This portion was not offered in evidence separately, but the instrument was tendered as a whole. The part just referred to was entirely distinct from, and perfectly intelligible without reference to, the other contents of the paper. It could have been easily tendered alone. We can not, therefore, say that the court erred in rejecting the entire instrument. Certainly, by so doing much irrelevant matter was excluded; and, as we have just remarked, the plaintiff made no effort to get before the jury the only part of this lengthy document which was admissible. Under the circumstances, it was his duty to select and point out the relevant part and tender this part by itself. Failing to do this, he has no good cause for complaining of the action taken by the court. The principle upon which our present ruling is based was stated in *Skellie* v. *Railroad Co.*, 81 *Ga.* 56, and in *Herndon* v. *Black*, 97 *Ga.* 327, and has been discussed and recognized as correct in *Harris & Mitchell* v. *Amoskeag Lumber Co.*, Ibid. 465; *Smalls* v. *State*, 99 *Ga.* 26;

*Georgia Railroad Co.* v. *Lybrend,* Ibid. 431; *Walker* v. *Maddox,* 105 *Ga.* 255.

Judgment affirmed.    All the Justices concurring.