## STICKNEY v. HUGHES.

CONTRACT—CONSTRUCTION—RULE AS TO PAROL EVIDENCE—WAIVER—
OFFER OF PROOF—PUBLIC LANDS.

1. A written contract between the maker and payee of two notes for $450 and $550, respectively, secured by a real estate mortgage, provided that in the event that a certain pending land contest in the Interior Department between M. and N., not parties to the contract, be decided in favor of M., then the maker should pay the payee $550, according to the terms of the note for that amount, and that, in that event, "the said note, together with the note for $450, shall be delivered up to the said party of the first part and cancelled; and if said note, or any part thereof, shall have been paid by the party of the first part, then the amount so paid shall be refunded to him by the party of the second part." *Held,* that the provision for refunding the amount paid· referred to the note for $450.

2. The right to recover the full amount paid upon the note for $450 was not waived by making two payments thereon after the decision in the contest case; it not being shown that the plaintiff knew of the decision when the payments were made.

3. An offer of proof in support of a question propounded to a witness, to which an objection is interposed, should, to be effective, be clear, and without vagueness or uncertainty.

4. Though parol testimony is inadmissible to vary, contradict, add to or qualify the terms of a written instrument, it is competent to show by parol the circumstances under which it was executed, or that it was in fact without consideration.

5. Fraud, intimidation, illegality, want of due execution, want of capacity, want or failure of consideration, or mistake, in respect to a written contract, may generally be established by parol.

6. The existence of a separate oral agreement as to any matter on which a document is silent, and not inconsistent with its terms, may be shown by parol testimony, if the court can reasonably infer from the circumstances that the parties did not intend the document or contract to be a complete and final statement of the whole transaction.

7. It is not competent for a party, under the guise of showing the consideration, to prove an oral antecedent or contemporaneous agreement which will cut down or vary the

stipulations of his written covenant, no fraud or mistake, or other similar element, being shown.

8. The written contract not explaining the relation which a certain land contest had thereto, but requiring the refunding of money which might thereafter be paid by plaintiff to defendant upon a certain note, whose execution was recited in the contract, in the event of a particular decision of such contest, it would have been competent for the defendant, upon whom rested the obligation to refund to show the circumstances attending the execution of the contract, and the relation of the parties respectively to the contest, or the land therein involved, which might have disclosed the inducement to defendant's promise, and established the failure of the consideration therefor; but evidence of an entirely different contract from that contained in the writing was not admissible.

9. By the written contract, defendant having promised to refund the amount paid upon a note, therein recited and described, in case of the decision of a certain land contest in favor of M., a third party, it was not competent for the defendant, in a suit to recover the money so paid, to prove that the money was only to be refunded upon the occurrence or existence of an entirely different circumstance, which altogether eliminated the question of the decision from the agreement.

10. The offer of proof examined and held to amount to an offer to prove another and different contract instead of the consideration and failure thereof for the defendant's written promise sued on.

11. Where an offer of proof is made as a whole and some of the facts included in the tender are admissible, and others inadmissible, the court may in its discretion separate it and admit such parts as are competent, but its refusal to do so will not be error.

12. A contemporaneous written agreement between the maker and payee of a note which provides that the payee shall refund any amount thereafter paid upon the note in the event of a certain decision in a public land contest between other parties, but does not explain the relation of the contest or the land involved to the note or the contract between the parties, and the same not being otherwise explained, it cannot be presumed that the transaction between the contracting parties was violative of the law or policy of the government relative to its public lands.

13. It devolves upon the party claiming illegality in a contract because of some infraction of the policy of the government relative to its public lands to establish the same by competent evidence.

[Decided March 28, 1904.]                    (75 Pac., 945.)

ERROR to the District Court, Albany County, HON. CHARLES W. BRAMEL, Judge.

The material facts are stated in the opinion.

*H. V. S. Groesbeck,* for plaintiff in error.

The petition will not support the judgment, as there can be no cause of action for the amount paid on the note for $450. The contract provides for refunding the money paid on the note for $550, if either note. The contract is ambiguous, and cannot be enforced. It is uncertain and unintelligible, and, therefore, void. (Bish. Contracts, Secs. 117, 316, 390; 2 Pars. Contracts, Sec. 561; 7 Ency. Law (2d Ed.), 116; Balch v. Arnold, 9 Wyo., 17.) The payment of installments after the decision mentioned in the contract waived the right to recover.

No consideration is mentioned in the contract for the note for $450. It cannot be the land involved in the contest between Myers and Nelson, for in the contract the price thereof is fixed at $1,000, the amount of both notes. The entire contract requires explanation by evidence *aliunde.* The contract is repugnant to the notes. Parol evidence is admissible to explain a written contract. Failure of consideration was pleaded, and defendant should have been permitted to prove the actual consideration. The pretended agreement that the money should be refunded in case a decision in the land contest was favorable to Myers, one of the contestants, was without consideration to defendant. It does not appear that she had any interest in the result of that litigation, or in the land. Indeed, the contract shows absence of such interest, for it makes provision for the plaintiff securing relinquishments from the contesting parties and delivering same to de-

fendant. If she had been interested in the land or contest, the contract would be void as against public policy.

Even if defendant had received a relinquishment from the successful claimant, it would not have resulted to her benefit, but only to the benefit of the government, and she would not have even secured a preference right of entry; it would have been competent at any time for the government to investigate the circumstances. (Johnson v. Montgomery, 17 L. D., 396; Kitch v. Griffin, id., 180; Bentley v. Bartlett, 15 id., 179, 181; Deming v. Cuthbert, 5 id., 365.) Under no phase of the case could defendant have made such a promise as claimed without violating the rules of the land department.

*N. E. Corthell,* for defendant in error.

The provision in the contract for refunding money paid on the notes is made upon four possible alternatives, the first of which happened fixing the liability of defendant to refund on the note for $450. That note was clearly referred to in the clause in question. The suit is not based upon the note, hence the parties are not concerned with the consideration thereof, but only upon the promise to deliver up the note or refund the money paid on it.

Payment of part of the note after the happening of the event for the refunding was not a waiver of the right to recover the payments made on the note; both notes were secured by a mortgage, to obtain a release of which it was necessary that the notes be paid. The rights of the parties became finally fixed only upon the payment of the other note for $550, which was not due until January 1, 1902, and, until paid, plaintiff had no right of action. After giving the notes plaintiff disposed of the mortgaged premises, the purchaser assuming the payment of the notes as part of the purchase price, and in fact making the payments.

The plea of failure of consideration was insufficient and tendered no issuable fact or defense. (2 Chitty's Pl., 341;

Puterbaugh's Pl. & Pr., 191, 305; 4 Minor's Inst., 792; Sac Co. v. Hobbs, 72 Ia., 69; Cornelius v. Van Orsdall, 1. Ill., 23; Poole v. Valandingham, id., 47; Bradshaw v. Newman, id., 133; Sims v. Klein, id., 302; Mitchell v. Stinson, 80 Ind., 324; Higgins v. Germain, 1 Mont., 230.) But under a sufficient plea the evidence offered was not admissible. The defendant attempted to show, under the offer, that there were other parol stipulations which the parties failed to incorporate in the contract; and that their contract was different from that as shown by the writing. Such showing could only be made under a plea of mistake of fact, or that the agreement, by reason of mistake, accident or fraud, did not represent the real understanding of the parties. (Bast v. Bank, 101 U. S., 93.)

POTTER, JUSTICE.

The plaintiff in error, Martha E. Stickney, was defendant below in an action brought by Lewallen Hughes, defendant in error here, to recover the sum of four hundred and fifty dollars and interest, alleged to be due upon a contract entered into between the parties on April 2, 1898, at the same time that two notes were executed by .Hughes and wife to Mrs. Stickney for $450 and $550, respectively. The claim asserted by the petition is the promise of Mrs. Stickney to refund any money that may have been paid upon the four hundred and fifty dollar note; upon the happening of a certain event specified in the contract. The happening of that event and the payment of the note in full is alleged and conceded. But there is a dispute as to the construction of the contract.

The material recitals and provisions of the contract upon which the cause of action is based are as follows:

"This memorandum, made this 2d day of April, 1898, between Lewallen Hughes of the first part and Martha E. Stickney of the second part, witnesseth: Whereas, The said Lewallen Hughes and Tillie Hughes, his wife, have this day executed two certain notes, in favor of the party

of the second part, copies of which said notes are as follows, to-wit:

" '$450.00.          Laramie, Wyoming, April 2, 1898.

" 'For value received, I promise to pay to Martha E. Stickney four hundred and fifty dollars in installments as follows, to-wit: On or before January 1st, 1899, one hundred and fifty dollars; on or before January 1st, 1900, one hundred and fifty dollars; on or before January 1st, 1901, one hundred and fifty dollars, and with interest on each installment, after maturity thereof, until paid, at the rate of eight per cent per annum.'

" '$550.00.          Laramie, Wyoming, April 2, 1898.

" 'For value received, I promise to pay Martha E. Stickney five hundred and fifty dollars, on or before January 1st, 1902, together with interest thereon from January 1st, 1901, until paid, at the rate of eight per cent per annum.'

"And, whereas, said Lewallen Hughes and Tillie Hughes have executed to said Martha E. Stickney a mortgage for the said sum of one thousand dollars conveying the following described lands, to-wit: Lots numbered one (1), two (2) and six (6); the south half of the northeast quarter (S. ½ N. E. ¼); the southeast quarter (S. E. ¼), and the east half of the southwest quarter (E. ½ S. W. ¼), all in section numbered six (6), Township 16 N., of Range 75 west, including the water rights pertaining thereto, all situate in Albany County, Wyoming; said mortgage being conditioned upon the performance by said Lewallen Hughes of the conditions, upon his part, of this agreement. And, whereas; the said Lewallen Hughes and the said Martha E. Stickney have made an exchange of lands, upon which there is an estimated difference of five hundred and fifty dollars due the said Martha E. Stickney.

"Now, therefore, it is agreed between the said parties hereto that if the pending contest in the Department of the Interior, between Samuel B. Myers on the one hand and Ole P. Nelson on the other hand, involving the following described lands, to-wit:

"The west half of the southwest quarter (W. ½ S. W. ¼); the northeast quarter of the southwest quarter (N. E. ¼ S. W. ¼), and the southwest quarter of the northwest quarter (S. W. ¼ N. W. ¼), of section numbered twenty-six (26), in Township 17 N., of Range 75 west, in Albany County, Wyoming.

"Shall be finally decided in favor of the said Myers, then the said party of the first part shall pay said party of the second part the said sum of five hundred and fifty dollars, according to the terms of the note last above described, and in that event the said note, together with the note first above described for four hundred and fifty dollars, shall be delivered up to the said party of the first part and cancelled; and if said note, or any part thereof, shall have been paid by the party of the first part, then the amount so paid shall be refunded to him by the party of the second part.

"Provided, That if the said Lewallen Hughes shall, in the event of the success of said Myers, procure from him and deliver to said Martha E. Stickney a relinquishment of all his right to said lands, then both of said notes shall be cancelled and discharged and delivered up to said Lewallen Hughes, and any amount he may have paid thereon shall be refunded to him.

"And in the event that the said contest shall be finally decided in favor of the said Nelson, and the party of the first part shall fail to procure from him and deliver to the said party of the second part a relinquishment of all his right to said land, then the party of the first part shall pay the whole of said sum of one thousand dollars, according to the terms of said notes; and in the event of the success of the said Nelson, if the party of the first part shall procure and deliver to the said party of the second part a relinquishment, by said Nelson, of all his right to said land, then both of said notes shall be cancelled and discharged and delivered to said party of the first part.

"And in any case, whenever the party of the first part shall have become entitled, under the terms of this agree-

ment, to have the said notes delivered to him, the said mortgage shall be properly discharged of record."

Both notes mentioned in the contract were paid in full; and the contest proceeding referred to was finally decided in favor of Myers, but there is no showing or claim that his relinquishment was procured. Hence, it is contended by the plaintiff in the suit that the liability of the defendant, Mrs. Stickney, to refund the money sued for is established. The District Court, on a trial without a jury, rendered judgment against Mrs. Stickney for $549.33 and costs, and she brings the case here on error.

In the first place, the parties differ in their interpretation of the contract. Counsel for Hughes contends that the contract clearly requires Mrs. Stickney to refund the money paid on the note for $450, in the event of a decision favorable to Myers in the contest proceeding. On the other hand, it is urged on behalf of Mrs. Stickney that the contract is ambiguous, and so uncertain that it is incapable of enforcement; but that, if the provision relied on as furnishing a cause of action means anything, the money to be refunded is that paid upon the other note, and that the plaintiff mistook his cause of action.

It is evident that the contract does not set forth all the facts which induced the parties to enter into the various stipulations respecting the land in contest between Myers and Nelson. The interest, actual or supposed, of the parties to the contract in the result of that contest is not disclosed by any recital in the written agreement, or by any evidence in the case, and hence there are no considerations outside the terms of the contract to aid in the interpretation of any doubtful provision. But if the provision upon which suit is based is to be regarded as ambiguous or doubtful standing alone, we think the other provisions and the recitals of the contract furnish a clear key to its meaning. We entertain no doubt as to its proper interpretation. Indeed, while the agreement set forth in the particular provision in question may be somewhat obscurely stated, we do not think it subject to much uncertainty.

The contract recites that the parties have made an exchange of lands, and that there is a difference of $550 due to Mrs. Stickney. A note for that amount is executed, and it doubtless represented the estimated difference. The inducement for the other note is not shown; neither is it material for the purpose of interpreting the contract. The agreements contained in the contract relate to the payment or cancellation of those notes; and they are made dependent upon certain specified contingencies. First, it is agreed that, should the contest result in a decision in favor of Myers, then the note for $550 is to be paid according to its terms. There can be no possible misunderstanding of that stipulation. It is clearly and unequivocally expressed. The event referred to did happen, and, therefore, that note was to be paid, unless the relinquishment of Myers should be procured by Hughes and delivered to Mrs. Stickney, as provided in the succeeding paragraph. The relinquishment was not procured. Since it would be unreasonable, it is not to be supposed that the parties would have provided for the payment of the note upon the happening of the event named, and then, in the same clause or paragraph, for its non-payment or cancellation, or the return of the money paid, upon the occurrence of the same event. But the paragraph in question refers to both notes. The one already mentioned in this connection it is agreed shall be paid, and then it, together with the other note, shall be returned and cancelled. It is clear to our minds that the five hundred and fifty dollar note was to be returned *upon payment,* in the event specified, while the other note was to be delivered to the maker for cancellation, although unpaid. Its payment is not provided for in the disputed paragraph. It clearly follows that the note referred to in the latter part of the paragraph, where it is agreed that if the note is paid the amount shall be refunded, is the note for $450.

A consideration of the other provisions assists in this interpretation. Four events or contingencies are mentioned. First, a decision in favor of Myers; second, a decision in

favor of Myers, and the procurement of his relinquishment and its delivery to Mrs. Stickney; third, a decision in favor of Nelson; fourth, a decision in favor of Nelson, and the procurement of *his* relinquishment, and its delivery to Mrs. Stickney. The agreements depending upon these respective contingencies are as follows: First, in case of a decision in favor of Myers, without his relinquishment, the payment of the note for $550, the cancellation of the other note, and the refunding of the money paid upon the latter; second, in case of such decision, and the procurement of his relinquishment and its delivery to Mrs. Stickney, the cancellation of both notes, or, if paid, the refunding of the money paid; third, in case of a decision in favor of Nelson, without his relinquishment, the payment of both notes; fourth, in case of Nelson's success, and the procurement of his relinquishment, and its delivery to Mrs. Stickney, the cancellation of both notes. We think the undertaking of the parties is clear and certain upon the face of the contract.

It appears that there was an interlineation made in the disputed paragraph before execution, and this seems to have been the cause of the different views of the agreement as maintained by counsel. As originally constructed, the meaning was plain, and clearly required the cancellation of the note for $450, or its refunding, if paid, in the event specified. But evidently to avoid a misunderstanding in providing for its cancellation without specifically requiring the return of the other note upon its payment, the words "said note, together with the" following the words "and in that event the" were inserted. The inserted words referred to the note for $550, whose payment was provided for, and in their relation to the rest of the clause, clearly imply that the note is to be delivered to Hughes upon payment; and hence that note cannot be the one alluded to by the agreement that follows for refunding an amount paid. There seems to have been no occasion for the interlineation, and it tended only to obscure the meaning. Nevertheless, we conceive the entire provision to be intelligible.

It is contended that since two of the payments on the four hundred and fifty dollar note occurred after the decision in the contest case, the plaintiff, Hughes, waived his right to recover the amounts so paid. It is not shown, however, that Hughes knew of the decision when the payments were made. But it is doubtful if Hughes could have recovered at all until the payment of the note for $550, and that was not due until January 1, 1902, nor was it paid before that time, so far as shown by the record; and in the meantime the payment of the installments on the other note was necessary to prevent default in and possible foreclosure of the mortgage. Moreover, Hughes had sold to other parties the lands mortgaged to secure the notes, who were to pay the incumbrance as part of the purchase price, and such purchasers did, in fact, pay the notes to Mrs. Stickney. We think that, at least on the showing, there was no waiver of the right to recover on the agreement. We are inclined to the opinion that the mere payment after the decision, even with knowldge thereof, would not amount to a waiver, in the absence of other facts going to show the intention of the parties when the payments were made.

It appears from the testimony that the land in contest between Myers and Nelson was in the possession of Nelson for some time after the contract was made between the parties to this suit, and that Mr. Stickney, the husband of plaintiff in error, may have cut the hay thereon in 1899, or had a contract with Nelson for the hay.

Mr. Stickney was called as a witness on behalf of the defendant on the trial, and he testified, over objection, that all points agreed upon between the parties to be put in the contract were not there. He was asked by defendant's counsel to state what material matter was omitted from the contract: and also whether there was any consideration for the agreement to refund as set out in the petition. These questions were objected to on the ground that they were irrelevant, immaterial and incompetent, and as tending to impeach the written contract without laying a proper foun-

dation. The objections were sustained, and thereupon the defense made an offer of proof as follows: "Counsel for defendant offers to prove by the witness, Mr. Stickney, and the defendant, Mrs. Stickney, that the consideration of the $450 note had entirely failed, and that there was no consideration to support said note; that the agreement as to consideration of said note was that the plaintiff, Hughes, should put the defendant, Stickney, in possession of the land which was in a contest case between Myers mentioned in the contract and one Nelson; that the said Hughes was to get a relinquishment of said land from the said Nelson, who had a filing upon said land, and that relinquishment was to be delivered to Mrs. Stickney, the defendant. She was to have the right to cut the hay crop on said land from the time of signing the contract until the final determination of said land case. In case the defendant, Stickney, so cut said hay, and became the owner of it, then, in case the $450 note was paid, it should be refunded. Defendant Stickney was not let into possession of said lands, nor did she cut the hay on said lands under her arrangement with said Hughes, and the understood consideration for the return of said note in case the same was paid by said Hughes wholly failed. As soon as a release was obtained from Nelson by the plaintiff, Hughes, then this $450 note was to be delivered to said Hughes."

An objection to the offer was sustained on the ground that it was incompetent, irrelevant and immaterial, and tended to vary a contract by parol evidence; and that the offer did not accord with the pleadings, nor support any issue offered or tendered by the answer. The rulings of the court upon the objections to the questions and the offer were excepted to, and were incorporated in the motion for new trial as grounds therefor. The overruling of that motion is assigned as error, and it is contended that the evidence offered was competent and should have been admitted. In the first place the offer is far from clear, and it is doubtful if its rejection would not be warranted on account of its

vagueness of statement. (See Abbott's Tr. Br. (Civ. Jur.), 231.) An offer of evidence should be clear, and without vagueness or uncertainty.

As we understand the contention, it was not attempted to introduce the offered evidence upon the theory that the contract made between the parties, as finally consummated, was partly in writing and partly oral; nor does there seem to be any warrant for that theory in the testimony. We think it apparent that whatever the preliminary negotiations may have been, the parties intended to embody their ultimate agreement in the written contract. The attorney who was employed to draw the contract testified as a witness for the plaintiff below, and on cross-examination he was asked some questions respecting the conversations occurring between the parties when the contract was prepared and executed; and the effect of his testimony is opposed to the idea that any of the terms of the contract were allowed to rest upon merely oral agreements. The statement of the witness, Stickney, that all the points agreed upon to go into the contract were not incorporated in it, does not overcome such effect, for it may well be that, as the attorney testified, the original plan was changed when it came to the formal execution of the contract in written form; and as a general rule all prior negotiations are held to be merged in the written contract, so that its terms may not be varied or contradicted by oral evidence.

But the proposition advanced by the answer in this respect, and the contention now made, and evidently asserted on the trial, is that the proof offered was proper for the purpose of showing the true consideration of the promise to refund the money sued for.

It is a familiar doctrine that parol testimony is not admissible to vary, contradict, add to or qualify the terms of a written instrument. There are, however, some important modifications of that rule. And it is a principle as well settled as the general doctrine above stated that parol testimony is admissible to show the circumstances under which

the instrument was executed, or that it was in fact without consideration. (Fire Ins. Assn. v. Wickham, 141 U. S., 564; Bradner on Ev., 263; Seitz v. Brewers' Refrigerating Co., 141 U. S., 510.) It may be said generally that fraud, intimidation, illegality, want of due execution, want of capacity, want or failure of consideration, or mistake may be established by parol. (Bradner on Ev., 263.) The existence of a separate oral agreement as to any matter on which a document is silent, and not inconsistent with its terms, may be shown by such testimony, if the court can reasonably infer from the circumstances that the parties did not intend the document or contract to be a complete and final statement of the whole transaction. (Id.)

Upon the subject of a separate oral agreement, the Supreme Court of the United States has said that the existence of such an agreement may be shown as to any matter on which a written contract is silent, and which is not inconsistent with its terms, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. "But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing." (Seitz v. Brew. R. Co., *supra;* Greenl. Ev., Sec. 275.)

While, as a general rule, it is competent to show by parol the consideration of a contract, especially where it is not specifically set forth in the contract; and that a stated consideration, even, may, under some circumstances, be shown to be something different, it is not, as said in a Massachusetts

case, admissible for a party, "under the guise of showing what the consideration is, to prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant." (Simanovich v. Wood, 145 Mass., 180; see also Diven v. Johnson, 117 Ind., 512; 3 L. R. A., 308.) We are now referring to cases where no fraud or mistake is shown, nor any other element of a similar nature.

Upon the face of the contract in the case at bar, the only consideration for the promise sued on seems to be the note itself. That, of course, is a sufficient consideration for the promise to cancel it, or refund the money paid upon it, upon the happening of a future event. But the circumstances are not explained in the contract which may have induced the execution of the note by the one party, and the agreement of the other to refund the money paid upon it, in case the land contest referred to should be decided in a particular way. And we are inclined to the opinion that it would have been competent to show the circumstances attending the execution of the contract, and the relation of the parties respectively to the contest, or the land involved therein, which might have disclosed the inducement to the promise of plaintiff in error, and establish the failure of the true consideration for that promise. But it was not admissible to show an entirely different contract from that contained in the writing. The important question, therefore, is whether the offer made was of proof merely showing the consideration of the agreement and its failure, or of a contract or promise variant from and inconsistent with the written agreement.

Had the offer been to prove an understanding that Mrs. Stickney was to be in possession of the land in contest between Myers and Nelson until the determination of the contest, and that, in view thereof, it was agreed that, upon the decision being favorable to Myers, the note should be cancelled, or the money paid refunded, and that she did not have such possession, we think it might have been compe-

tent. But that is not the offer nor the effect of the offer. Under the offer as made, the refunding of the money is not made dependent upon a decision in favor of Myers. The offer contains no mention whatever of that condition of the contract. An event entirely variant from that set out in the contract is mentioned as determinative of the liability of Mrs. Stickney to refund the money. Let us examine the offer and see if this is not so.

In the first place, proof is offered that Hughes was to procure a relinquishment from Nelson, and deliver it to Mrs. Stickney. That is contradictory of the contract. Under the terms thereof Hughes does not agree to obtain such relinquishment. It was merely agreed in that respect that, in case he did procure the relinquishment from Nelson in case of a decision in his favor, his notes should be returned to him. But he did not obligate himself by the contract to secure the relinquishment. That part of the offer, therefore, was clearly inadmissible. It manifestly tended to vary and contradict the writing, and its admission would have violated the rule forbidding the introduction of parol evidence to vary or contradict a written instrument. Where an offer of proof is made as a whole and some of the facts included in the tender are admissible, and others are inadmissible, the court is not bound to separate it, and admit such parts as are competent, although in its discretion it may do so. The refusal to do so, however, will not be error. (1 Thomp. on Trials, Sec. 676; Mundis v. Emig, 171 Pa. St., 417; Smith v. Bank, 104 Pa. St., 518; Herndon v. Black, 97 Ga., 327; Mueller v. Jackson, 39 Minn., 431; Cincinnati, &c., R. Co. v. Roesch, 126 Ind., 445; Abbott's Tr. Brief (Civ. Jur. Tr.), 231.)

In the offer of proof the fact that Hughes was to obtain Nelson's relinquishment is stated to be a part of the consideration of Mrs. Stickney's promise to refund. There is no claim of mistake or fraud, and no relief by way of reformation is sought. Since that part of the offer was clearly inadmissible, the court was justified in rejecting the entire

offer. It is not necessary, however, to sustain the ruling of the court upon that ground alone. The remainder of the offer, in our judgment, is open to the same objection. It was offered to show that Hughes agreed to place Mrs. Stickney in possession of the Myers-Nelson land, and that she should have the right to cut the hay crop on the land from the time of signing the contract until the final determination of the land contest; and that if she did cut the hay, and became the owner of it, *then,* in case the note had been paid, it was to be refunded. Thus, it appears that the question of the decision was to be entirely eliminated from the agreement. The money was to be refunded in case Mrs. Stickney was placed in possession of the land, cut the hay on it and became the owner of the hay, or Nelson's relinquishment was obtained. It would seem that the offer was to show that such was the contract independent of the decision. Take the converse of the proposition submitted by the offer, and, if it be established as stated, Mrs. Stickney obligated herself to refund the money in case she had possession and cut the hay. No reference there to a decision of the contest case. Why, then, does she agree in the contract to refund in case the contest is decided in favor of Myers? The facts stated in the offer do not explain the reason for the promise sued on any more than the contract. They would only tend to further confuse the case if anything. Instead of disclosing a consideration, it shows another and different contract. The obligation to refund is made dependent upon an event or situation or promise altogether at variance with the provisions of the written contract. We think the evidence offered was not admissible, and hence no error was committed in its rejection.

There is some suggestion that the contract is void as against public policy in that it violates the rules of the land department of the United States concerning the disposal of the public lands. But this charge is rather indefinitely made; and we can see nothing in the contract authorizing the presumption that the transaction between the parties was

violative of any law or policy of the government relative to its public lands. The situation is not explained, and the court would not be justified in an inference that the parties were attempting to deal concerning the public lands in an illegal manner. It is true that the benefit expected to accrue to Mrs. Stickney by a decision in the land contest does not appear. But it is also true that the evidence offered by her fails to make that matter any clearer. If the contract was void because of some infraction of the policy of the government, it devolved upon the party so claiming to establish the same by competent evidence. There does not seem to have been any attempt to do so; and it is certain that the contract does not furnish sufficient evidence to authorize such a conclusion.

We are unable to perceive any error in the record, and the judgment will be affirmed.            *Affirmed.*

CORN, C. J., and KNIGHT, J., concur.