## STICKNEY v. HUGHES.

EVIDENCE—OFFER OF PROOF—CONTRACT—VARIANCE OF TERMS AND
CONDITIONS BY PAROL.

1. An offer of parol proof by defendant was properly rejected
which was ambiguous and indefinite, and its effect would
have been to entirely change the terms and conditions of
the contract sued on, the answer not alleging that the entire
contract was not included nor intended to be included in
the written agreement.

[Decided March 6, 1905.]                    (79 Pac., 922.)

ON rehearing. For former opinion, see 12 Wyo., 397
(75 Pac., 945).

*H. V. S. Groesbeck,* for plaintiff in error.

It seems impossible to permit recovery by plaintiff below
on the $450 note. It makes no difference that the pro-
vision for refunding the $550 note is absurd or cannot be
enforced as it stands. The parties have so contracted and
they must be bound by the terms of the contract, though if
unintelligible it cannot be enforced. The parties changed
the contract by interlineation, which was studiously done
and rendered the contract obscure. No consideration was
expressed for the $450 note. The exchange of lands was
the basis for the contract and the difference between the
parties was the $550 note. The agreement to obtain re-
linquishments was and is void and is opposed to public
policy. The contract is so unintelligible that it should not
be enforced. (7 Ency. Law (2d Ed.), 116.)

There was no conisderation whatever moving to plaintiff
in error to refund the $450 note. It cannot be assumed that
the note was given in jest or that the parties intended a
vain thing. The payment of the notes was a waiver of the
right of defendant in error to recover on either of them.
If his position is correct, then the mortgage could not have
been enforced. There is no evidence that he claimed his
right of recovery until long after the Myers contest was

decided.  The entire offer made by counsel for plaintiff in error in the court below was competent.  It could not have referred to anything else than the right of plaintiff in error to the possession of the lands until the contest was decided, and this is clearly gleaned from the offer.  It does not seem that there should be such an inflexible rule pursued as to the questions asked by counsel in the heat and hurry of trial as to render the offer properly rejected because not entirely clear.  The land referred to was the land of Nelson, and the entire offer shows that the evidence had reference to the lands in controversy between Nelson and Myers, and that owing to the failure of Hughes to let Mrs. Stickney into possession thereof she was deprived of the hay crop, which was the consideration of the refunding of the notes, or one of them, in case Myers was successful.  No new contract was sought to be established, but simply to prove consideration.  (Kirkpatrick v. Clark, 132 Ill., 342.)

The contest was between third parties and the provisions of the contract for obtaining relinquishments made it a mere gambling contract based upon a decision of the courts.  (28 Ency. Law (1st Ed.), 509; Greenhood on Public Policy, 22, 225, 574; 14 Ency. Law (2d Ed.), 588; Jones v. Coolidge, 9 Kan., 562; Brooks v. Cooper, 50 N. J. Eq., 761; 15 Ency. Law (2d Ed.), 933.)  Mrs. Stickney could get no right to the land upon the surrender of any relinquishment.  No consideration of any value passed to her or could pass to her upon such relinquishments.  Being a married woman, she could not initiate some of the claims for land allowed by law.  The agreement is against public policy. (Johnson v. Montgomery, 17 Land Dec., 396; 2 id., 133: 6 id., 246; 7 id., 560; 9 id., 269; 15 id., 181.)

*N. E. Corthell,* for defendant in error.

It is difficult to say anything more on the subject of the note to be refunded to defendant in error under the terms of the contract than was said in the former opinion.

If the contention of plaintiff in error in this respect was true, it would be a clear gain to her of $100 and interest,

and nothing of which she could complain. The question of waiver has been heretofore sufficiently discussed, but it may be said that by reason of the payment of the notes the plaintiff in error suffered no loss and was not put in any worse position, or sustained any disadvantage, that would lay the foundation for estoppel. The cases cited by counsel for plaintiff in error upon the subject of a wagering contract are not analagous to the case at bar. The burden is on the party who seeks to put a restraint upon the freedom of contract to make it plain and clear that the contract is against public policy. (Ins. Co. v. R. R. Co., 70 Fed., 201.) The general rule is that a contract should be so construed as to give it validity. (15 Ency. Law, 933.) It may well be supposed that the lands given the defendant in exchange might be deemed by her more valuable with the adjacent land in the possession of one person. An infinite number of other motives are fairly supposable which would have induced the defendant below to pay more or less under one condition or another, and it is asking the court to enter upon a difficult undertaking to construe and uphold or avoid the contract of the paries upon such impalpable and invisible grounds as are suggested. Had there been no lawful consideration for the $450 passing back and forth between the parties that would not affect the defendant's promise to refund the money, she would be in the situation of one receiving a sum of money without consideration. All the material points urged upon the brief for rehearing received an unusually full, fair and exhaustive consideration by the court, and as the decision is fully sustained by the record, it should stand.

Beard, Justice.

This cause was decided by this court at a former term, the opinion appearing in 75 Pac., 945 (12 Wyo., 397). A rehearing was granted and the case has been reargued. No new points have been presented upon the reargument, and we

have again carefully considered the entire case and have reached the same conclusions as announced in the former opinion, which so carefully sets out the reasons upon which the decision is based that we will not repeat them here. It has been strenuously urged in argument that the court erred in sustaining the objection to the testimony offered by the plaintiff in error, and that it was competent to show the true consideration for the refunding of the money paid upon the note for $450 and to show that the consideration therefor had wholly failed. If the offer had gone no further than that, we think it should have been admitted, but we think it went much further and entirely changed the terms and conditions of the contract as written. Under the terms of the written contract the refund was to be made when the $550 was paid according to its terms, and that note was not due until January 1, 1902. It was proposed in the offer to show that the note for $450 was to be surrendered at the time of the decision in the land case upon condition that Stickney was placed in possession of the land involved in the contest and received the hay crop thereon up to that date, thus directly contradicting the terms of the written contract as to the date of the refund.

Again it was proposed to prove by the offer, as stated in the former opinion, that Hughes obligated himself to put Stickney in possession of the land and to procure the relinquishment from Myers, which is not in accordance with the contract. In the first part of the offer it was proposed to show that the consideration for the $450 note was that Hughes should put Stickney in possession of the land, etc., and that the consideration for the *note* had failed; and in the latter part of the offer that the understood consideration for the refund had failed. As stated in the former opinion, we think the court was warranted in rejecting the offer on the ground that it was ambiguous and indefinite and for the other reasons therein stated, especially as there was no statement in the answer that the entire contract was not included in the writing, and setting out those parts which it was

claimed were omitted and that the writing was not intended to contain the entire contract.

We are satisfied with the unanimous opinion as formerly announced by this court, and that opinion is adhered to on rehearing.                                         *Judgment affirmed.*

POTTER, J., concurs.