TAINTOR, guardian, *v.* ROGERS.

No. 14892. JULY 7, 1944.

*Howard, Camp & Tiller,* for plaintiff.

*A. E. Wilson* and *R. B. Poole,* for defendant.

JENKINS, Presiding Justice. This was a suit in equity by a guardian in behalf of his insane ward to recover the amount represented by the value of certain bonds, which it is alleged belonged to the ward, and which were .in the hands of the defendant former guardian, or had been converted by him, at the time he was discharged as guardian, and at the time the present guardian receipted .for the assets of the ward from the former guardian. It is alleged that the ownership of such bonds by the ward and their conversion by the former guardian had been fraudulently concealed by him at the time the transfer of assets was made. On the trial the plaintiff sought to show title in the ward to the bonds sued for, and their delivery to and exclusive possession by the former guardian. He sought to show further by circumstantial evidence an actual disposition of a portion of these bonds by the former guardian, and the conversion of the proceeds to his own use. ·The defendant denied any misappropriation, and the jury found in his favor. The plaintiff's motion for a new trial having been overruled, exception was taken upon the general grounds, and upon special grounds relating to the charge, sufficiently indicated by the rulings made in the opinion.

1. The motion to dismiss the bill of exceptions, on the ground that the documentary evidence has not been properly briefed or chronologically arranged, is denied.

(*a*) While nearly forty-four pages of the record consist of the plaintiff's reports as guardian in a foreign jurisdiction, and while most of it is irrelevant in this proceeding, they were introduced by the defendant in their entirety without designating what portions he wished to be considered as evidence, over the objection of the plaintiff that they were irrelevant. Therefore the defendant is in no position to say that the plaintiff should have incorporated in the record only such portions of these reports as were actually read or considered at the trial. See *Crawford* v. *Roney,* 126 *Ga.* 763 (4) (55 S. E. 499).

(*b*) A complete bank record of the defendant's deposits and withdrawals covering a period of seven years, which was introduced by the plaintiff to show a coincidence of deposits with entries by the defendant into his ward's safety-deposit box, and to rebut the defendant's contention as to the amount of his annual income, was for such purpose more effective when unbriefed.

2. Where testimony is in part material and in part irrelevant, a general objection to the whole is not well taken. *Southern Ry. Co.* v. *Gilmore,* 115 *Ga.* 890 (42 S. E. 220); *Southern Ry. Co.* v. *Coursey,* 115 *Ga.* 602 (6) (41 S. E. 1013); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (5) (62 S. E. 198). If, however, the objecting party points out the irrelevant portion of the testimony offered, it is not error for the court to reject the evidence in toto, where the party offering it fails to segregate the relevant portions from those which are irrelevant. *Ellis* v. *Poe,* 109 *Ga.* 422 (34 S. E. 567), and cit. And where it is shown that designated portions of the evidence are irrelevant, but the court over such objection admits the testimony as a whole, a new trial will be granted provided such irrelevant testimony could have been harmful to the complaining party. *Norton* v. *Aiken,* 134 *Ga.* 21 (3) (67 S. E. 425); *Gilleland* v. *Louisville & Nashville R. Co.,* 119 *Ga.* 789 (2) (47 S. E. 336); *Bird* v. *Harville,* 33 *Ga.* 459 (2); *Marshall* v. *Morris,* 16 *Ga.* 368 (4). In such a case, it devolves upon the movant to show that the evidence was prejudicial as well as immaterial. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523). In the instant case the documents admitted over the general objection of irrelevancy show that portions of the same were relevant and portions were irrelevant. Under the preceding ruling, the objection does not constitute ground for a new trial.

874

3. Movant complains of the following charge: "While the plaintiff contends that Henry T. Rogers [defendant former guardian] had those bonds and is liable for them, Henry T. Rogers through his attorney files an answer in which he denies any responsibility or liability or indebtedness whatever; and, as I said, that really creates the first issue which you are to determine—whether or not those bonds are in the possession of Henry T. Rogers, whether or not they belong to the estate of Frank P. Rogers Jr. [his ward], and whether Henry T. Rogers has accounted for them or has failed to account for them."

(a) The first complaint as to this excerpt is that its effect was that plaintiff could not recover unless the jury found, not only that the bonds in question had come into the hands of the defendant, but that they continued to remain in his possession up until the time of the trial; whereas the contention of the movant was that, while the bonds had been in possession of the defendant, they had been converted, disposed of, or concealed from the plaintiff, and that it was unnecessary for the plaintiff to prove that the bonds were still in the defendant's possession. The court had previously instructed the jury as to the plaintiff's contention that such bonds had come into the defendant's possession while guardian, that at the time of his discharge he concealed the fact of his having the bonds, that at sometime or other he had converted them to his own use, and that this "constitutes the first real issue that you are to determine in this case." The court had further instructed the jury that the plaintiff alleged that these bonds are not now in the defendant's possession, and he can not account for them. In view of the entire instruction, even though in one instance there may have been some verbal inaccuracy in failing to state in more exact detail the contention of the plaintiff, we think that the one and only vital issue as to whether or not the bonds had been received by the defendant and appropriated to his own use was in no wise confused, especially so, since in portions of the charge it was made plain that the plaintiff contended that the defendant had not only appropriated the bonds to his own use, but had disposed of the same so as to be unable to account for them.

(b) The plaintiff further contends that said charge was error, in that it stated one of the issues as being whether or not the bonds in question belonged to the ward, whereas, under the evidence,

this phase of the plaintiff's case was undisputed. The burden rests upon the plaintiff to establish by evidence every material allegation of the petition. Where, as it is contended, one of the essential allegations, although denied by the movant, has been established without dispute, this does not dispense with the necessity of a finding thereon by the jury, and the judge did not err in stating the contentions of the plaintiff so as to include such element of the plaintiff's case; nor was he required in effect, to have directed a verdict in the plaintiff's favor so far as that particular element of the plaintiff's case was concerned. Accordingly, the fact that the judge included among the issues to be passed on by the jury the question as to whether the bonds involved belonged to the plaintiff's ward, does not constitute a good ground to set the verdict and judgment aside. Especially would the correctness of the rule be apparent where, as in this case, the evidence as to ownership is not absolutely definite and unequivocal.

4. The court charged the jury as follows: "One contention is that a portion of the bonds referred to in the petition, $17,600, were received from the First National Bank of Atlanta by the defendant, and [were] never thereafter delivered to the alleged owner, Frank P. Rogers Jr., and [were] never accounted for by the defendant as a part of the assets, I charge you that, in the absence of proof to the contrary, there is a presumption of law that if such bonds were in the possession of defendant, as contended by the plaintiff, they remained in his possession until he became guardian for his brother, Frank P. Rogers Jr., or until they were shown to have been delivered by the defendant or some one acting for him to Frank P. Rogers Jr., or to his guardian. In such a situation, the burden of proof would be upon the defendant in this case to show a change of possession. *Of course, that rule would not apply until you decide to do so,* and under no circumstances would you apply it unless you find that Frank P. Rogers Jr. is the owner of those bonds in the sum of $17,600 and/or $3500, and unless you find that those bonds or some of them are in the possession of Henry T. Rogers." The portion of this charge which we have italicized is complained of as erroneous, because it left to the discretion of the jury whether or not they would apply the rule which had just been given, and did not explain to them what would control their decision as to whether or not they should decide to apply it. Were

it to be assumed that the portion of the excerpt complained of if .taken from its context, might perhaps have been couched in inapt language, the sentence in which it appears was immediately followed by this language: "Those questions, as to whether or not Frank P. Rogers is the owner of those bonds, and whether or not they came into the possession of Henry T. Rogers, are primary fundamental questions for you to decide. If you find that Frank P. Rogers owned them and that they came into the possession of Henry T. Rogers, then the rule I have given you about the presumption and change of possession *would* apply." (Italics ours.) Accordingly, we think that the jury could not possibly have been confused or misled as to the correct rule of law, but were clearly given to understand that what the court meant by leaving it to them to apply the rule was conditioned on whether or not they should find that the ward owned the stock and that the defendant had come into possession thereof.

5. Movant complains of the excerpt from the charge last quoted in division four of the opinion, because: (a) No question was raised by the·evidence as to the ownership of the bonds by the plaintiff's ward; (b) no question was raised by the evidence disputing the plaintiff's evidence that the bonds came into the possession of the defendant; and (c) it injected an issue not raised by the evidence. For the same reasons as are set forth in division 3 (b) of this opinion, this exception is without merit.

6. The court charged the jury as follows: "I instruct you that if [plaintiff] knew that these bonds were in existence and knew that [defendant] had them at the time he took that receipt and procured from the court of ordinary that order discharging [defendant], then there would not be fraud on the part of [defendant], and you would not set it aside on account of fraud against [plaintiff] or against the court." Since it appears from the amended petition that the present guardian's receipt to the defendant as former guardian, and his discharge by the ordinary were fraudulently procured, in that the defendant fraudulently concealed from each of them the existence of the bonds sued for, their ownership by the ward, and the defendant's custody.thereof; and since the evidence of both the plaintiff and the defendant, as well as the defendant's plea, clearly indicates that no accounting, either to the plaintiff or to the ordinary, was had as to such bonds,

the excerpt complained of was confusing and for that reason erroneous, in that it injected, as a defense to the plaintiff's claim, one which was not only unsound as a principle of law, but which was unauthorized by the defendant's plea. The legal effect of the excerpt was that any such receipt, which the jury might find was fraudulently given by the present guardian and fraudulently accepted by the defendant former guardian, could and would absolve the defendant as former guardian from liability to his ward. See 39 C. J. S. 342, § 195, notes 36, 37, and 38.

*Judgment reversed. All the Justices concur.*

### CORRECTION

196 *Ga.* 120, line 17 from top: For the word "owned" substitute "owed."

196 *Ga.* 240, line 10 from top: For the word "with" substitute "without." Same page, line 13 from top: For the word "deceased" substitute "accused."