17614. NASHVILLE, CHATTANOOGA & SAINT LOUIS RAILWAY *v.* MOONEYHAM.

STEPHENS, J. 1. The diligence which a railroad company owes to a passenger as respects his convenience and comfort at a station while waiting for a train is ordinary diligence. *Central R. &c. Co.* v. *Perry*, 58 *Ga.* 461. In a suit against a railroad company to recover damages for an alleged unlawful eviction of the plaintiff from a waiting-room of the defendant at night at a station where, the plaintiff was waiting as a through passenger to take a connecting train, where there was evidence to the effect that the defendant refused to keep open the waiting-room for the plaintiff's convenience and comfort, a charge to the jury that the defendant owed to the plaintiff the duty of exercising extraordinary diligence for his convenience and comfort at the station was error.

2. There being evidence from which it could be inferred that the plaintiff was intentionally and wilfully evicted by the defendant's agent from the defendant's waiting room and turned out of doors during a cold spell of weather when sleet was falling, the court properly charged the jury that they were authorized to find punitive damages. *Head* v. *Georgia Pacific Ry. Co.*, 79 *Ga.* 358 (7 S. E. 217); *Mabry* v. *City Electric Ry. Co.*, 116 *Ga.* 624 (42 S. E. 1025, 59 L. R. A. 590, 94 Am. St. R. 141); *Georgia Railroad* v. *Homer*, 73 *Ga.* 251 (2).

3. Where the plaintiff in his petition alleged that his ticket called for immediate and continuous passage upon the next train leaving from the junction point to the point of destination, and this allegation was not stricken, and where in the brief of evidence coming to this court there was attached, in lieu of a copy of the ticket, a blank form of ticket issued by the defendant railway company, with an agreement of counsel that "the blank form of ticket is a correct copy of the original ticket, except the  .  . dates need to be inserted therein, which we agree is as contended by the plaintiff," the evidence will be taken as establishing the fact that the plaintiff's ticket called for immediate and continuous passage to the point of destination.

4. Quære: Is the evidence sufficient to authorize the inference that the defendant maintained a waiting-room at the station, which was a junction point, for the accommodation of through passengers waiting between arriving and departing trains? See the rulings on the demurrer to the petition, *Mooneyham* v. *N. C. & St. L. Ry.*, 33 *Ga. App.* 406 (126 S. E. 736); St. Louis Southwestern Ry. Co. *v.* Foster (Tex. Civ. App.), 112 S. W. 797.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1927.

Damages; from Floyd superior court—Judge Maddox. July 13, 1926.

Carriers, 10 C. J. p. 772, n. 69; p. 773, n. 70; p. 855, n. 81; p. 916, n. 54; p. 921, n. 89; p. 922, n. 93; p. 987, n. 40; p. 1056, n. 32; p. 1057, n. 33; p. 1059, n. 52; p. 1083, n. 71.

*Tye, Peeples & Tye, L. A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.