## 22810.  WARDLAW *v.* EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

Decided September 18, 1933.  Rehearing denied September 29, 1933.

*W. Frank Smith Jr.,* for plaintiff.

*Haas, Gambrell & Gardner,* for defendant.

Per Curiam.  The plaintiff sued the defendant corporation, as owner and operator of a hospital, for physical injuries from a fall when entering a room in its building.  The petition shows that the plaintiff entered the room upon the express invitation of the defendant's agent in charge of its "information bureau," to give information for the treatment of a patient whom the plaintiff had just accompanied to the hospital.  It further alleges that "the cause of her falling was that there was a step of approximately five inches downward, from the level of the hallway in which she had been standing, to the floor of the room which she was entering;" that she "did not see the step, nor did she have any reason to believe that there was such a step;" that the step "was a deceptive, hidden pitfall, which was not in plain vision of the plaintiff, and which she, acting with reasonable care, did not see;" that "there was no sign posted which would warn any person of such condition;" that the defendant thus "did not keep the premises in a safe condition and properly constructed;" and that the defendant's employee "said nothing or gave no warning sign to the plaintiff that

there was such a step." The injury happened about four o'clock in the afternoon. The court sustained both a general demurrer to the petition as setting forth no cause of action, and special grounds of demurrer to the averments regarding the step-down as being a hidden, deceptive pitfall. To this judgment the plaintiff excepted.

■ "When the owner or proprietor of premises, by invitation, express or implied, induces or leads others to come upon his premises for a lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe for such use." *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060) ; Civil Code (1910), § 4420.

■ Taking the allegations of the petition as true, it was not subject to general demurrer on the ground that no cause of action was set forth. *Wynne* v. *Southern Bell Tel. Co.*, 159 *Ga.* 623 (126 S. E. 388) ; *Moore* v. *Sears*, 42 *Ga. App.* 658 (157 S. E. 106) ; *Bass* v. *Southern Enterprises Inc.*, 32 *Ga. App.* 399 (123 S. E. 753).

■ The petition was subject to the special grounds of demurrer urged. The proper judgment on a special demurrer going only to the meagerness of the allegations of a petition is not a judgment sustaining the demurrer and dismissing the petition, but a judgment requiring the pleader to amend and make his petition more certain in the particulars wherein he has been delinquent; and then, if he refuses or fails to amend, the action may be dismissed, if the delinquency relates to the entire case made out in the petition. *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96 (166 S. E. 673). As the petition was not subject to general demurrer, the court below erred in sustaining the general and special demurrers and dismissing the action. The judgment is reversed, with leave to the plaintiff to amend to meet the special grounds of demurrer ; otherwise the judgment will be affirmed, and the petition dismissed.

*Judgment reversed, with direction. Stephens and Sutton, JJ., concur. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. "The mere fact that there is a slight difference between floor levels in different parts" of a business building "which the public are invited to enter does not in itself constitute negligence." 45 C. J. 866. Such a variation of level in buildings, amounting to only a few inches (4 to 6 as shown in adjudicated cases), constitutes a common method of construction,

and does not of itself render it defective or negligent. Ware *v.*
Evangelical Baptist Society, 181 Mass. 285 (63 N. E. 885); Al-
bachten *v.* Golden Rule, 135 Minn. 381 (160 N. W. 1012); Had-
don *v.* Snellenberg, 293 Pa. 333 (142 Atl. 8); Johnson *v.* Des-
mond, 165 N. Y. Supp. 290 (3); Weller *v.* Consolidated Gas Co.,
198 N. Y. 98 (91 N. E. 286, 139 Am. St. R. 798); Viles *v.*
Thunborg, 164 Wash. 190 (2 Pac. (2d) 666); Watkins *v.* Piggly
Wiggly Bird Co., 31 Fed. (2d) 889; Hertz *v.* Advertisier Co., 201
Ala. 416 (78 So. 794, L. R. A. 1918F, 137); Hoyt *v.* Woodbury, 200
Mass. 343 (86 N. E. 772, 22 L. R. A. (N. S.) 730).

While, as has been so often held as to be almost axiomatic in
this State, questions of the plaintiff's and of the defendant's negli-
gence, and of the proximate cause of an injury, are peculiarly for
the jury, and are not to be determined on demurrer except in
plain cases, the petition in this case, under the foregoing rule, ac-
cording to my view, failed to state a cause of action, and the court
properly sustained the defendant's general demurrer. "Whatever
may be the rule in other jurisdictions, it is the law of this State
that the maxim res ipsa loquitur has no application to pleadings,
and general averments of negligence can not be aided thereby; it
is only a rule of evidence." *Fulton Ice Co.* v. *Pece, 29 Ga. App.*
507 (6) (116 S. E. 57), and cases cited. Thus, the mere averment
that the plaintiff fell would not aid the petition. There is no al-
legation that the place where the injury occurred was improperly
lighted so that the 5-inch step would not have been plainly visible
to the plaintiff or others who merely looked at the floor; that the
construction of such a level in the building was different from
common practice; that any other unusual situation in the environ-
ment of the injury existed; that the plaintiff was suffering from
bad eyesight or other infirmity known to the defendant or its agent
(see *Rollestone* v. *Cassirer, 3 Ga. App.* 161, 59 S. E. 442); that
anything occurred to throw the plaintiff off her guard; or that
other facts existed which would render the defendant liable. See
also *Holloman* v. *Henry Grady Hotel Co., 42 Ga. App.* 347, 348
(156 S. E. 275).

In my opinion, this case, under its facts, is distinguishable from
*Wynne* v. *Southern Bell Tel. Co., 159 Ga.* 623 (supra), where there
was a dangerous and negligent construction of steps, which caught
the heel of plaintiff's shoe; from *Bass* v. *Southern Enterprises Inc.,*

32 *Ga. App.* 399 (supra), where the injury was alleged to have occurred not only on account of the change of level, but in a darkened moving-picture theatre, without warning floor-lights; from *Moore* v. *Sears,* 42 *Ga. App.* 658 (supra), where the color of the chain over which plaintiff fell, "like that of the covering of the floor," the nature of the lighting, and other physical obstructions to the vision, were alleged in detail; from *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (supra), where the negligence alleged was in maintaining steps in a very slick, treacherous, and dangerous condition, with no banister or hand-railing; and from *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685), where there appeared both a greasy, slippery, and dangerous condition of the floor from the application of an excessive quantity of liquid floor wax, and a failure to light the hall so that this condition could be observed. See also *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81) ; *Lebby* v. *Atlanta Realty Cor.,* 25 *Ga. App.* 369 (103 S. E. 433) ; the former case holding that the plaintiff was "wanting in ordinary care when she attempted to descend the insufficiently lighted stairway in the defendant's hotel," and the latter that the allegations of a wet and slick floor, dangerous to walk upon, did not show "culpable negligence on the part of the defendant, or that the alleged danger was not obvious and could not by the exercise of ordinary care have been discovered by the plaintiff." The mere general averment or conclusion that the step was "a deceptive, hidden pitfall, which was not in plain vision of the plaintiff," did not aid the petition, and was negatived by the facts alleged.