VAISSIERE *v.* J. B. POUND HOTEL COMPANY.

ATKINSON, Justice. A banquet was held in the dining-room of a hotel. A temporary rostrum had been constructed for the occasion, about 12 inches above the floor. The rostrum extended to within about 2-1/2 feet from the wall, thus leaving a vacant space. A table was placed on the rostrum, and seats were placed for guests at the table so that their backs• would be towards and near the edge of the rostrum. When the banquet was over, two guests occupying adjacent seats arose, and one of them, being compelled to step back slightly in order to avoid striking the other, stepped on the edge of the rostrum and fell, from which she sustained injury. In a suit for damages the petition as amended gave the foregoing account, and alleged that the petitioner had not had occasion to examine' the rostrum minutely and did not know that the rostrum did not extend all the way to the wall, nor did she see or know that she was seated near the edge of the rostrum. It was alleged that the defendant was negligent in failing (a) to provide a reasonably safe place for use as a guest at the banquet; (b) to extend the rostrum all the way to the wall; (c) to put a rope, banister, or other protection around the edge of the rostrum; (d) to warn petitioner of the dangerous position where she was seated with her back close to the edge of the rostrum; (e) to warn petitioner before she arose from the table of the danger of stepping on the edge of the rostrum; and (f) in placing the chair of petitioner so close to the edge of the rostrum that when she arose therefrom she naturally stepped upon the edge of the rostrum and fell. *Held:*

1. The allegations did not allege a case showing negligence of defendant. *Executive Committee of the Baptist Convention* v. *Wardlaw*, 180 *Ga.* 148 (178 S. E. 55), and dissenting opinion in *Wardlaw* v. *Executive Committee of the Baptist Convention*, 47 *Ga. App.* 595 (170 S. E. 830).

2. The allegations showed that the plaintiff was obliged to step up to get on the rostrum. Construing the petition most strongly against the plaintiff, and there being no allegation that the room was not properly lighted, it will be assumed that the open space between the rostrum and the wall was obvious. Being so, she was bound to know of danger of stepping off the edge of the rostrum when she stepped back to avoid striking her companion. In such circumstances her act in stepping on the edge of the rostrum and falling showed such want of ordinary care as would prevent a recovery. Code, § 105-603, as applied in *Ball* v. *Walsh*, 137 *Ga.* 350 (73 S. E. 585).

(a) The ruling of the Court of Appeals to the foregoing effect, upon which error was assigned, was not erroneous, as contended, on the ground that the facts did not show as matter of law that the plaintiff could have avoided the injury by exercise of ordinary care, but on the contrary that they entitled the petitioner to a hearing before the jury on the question.

(b) Neither was the decision by the Court of Appeals erroneous because it cited as authority for the ruling the decision of the Supreme Court in *Executive Committee* v. *Wardlaw*, supra, which dealt only with *negligence of the defendant*, making no reference to the *duty of the plaintiff* to exercise ordinary care for his own safety. The citation was inapt, but did not render the decision erroneous.

(c) Neither was the decision erroneous on the ground that it conflicted with the ruling of the Supreme Court in *Wynne* v. *Southern Bell Telephone &c. Co.*, 159 *Ga.* 623 (126 S. E. 388). The facts of the case differ from those in the *Wynne* case, where the person was injured while descending a stairway of a building, on account of an apparent structural defect in the steps, but which was not obvious to the person descending the steps.

3. The Court of Appeals did not err in reversing the judgment of the trial court overruling the demurrer to the petition as amended.

*Judgment affirmed. All the Justices concur, except Jenkins, J., disqualified.*

No. 11559. FEBRUARY 9, 1937. REHEARING DENIED MARCH 11, 1937.

*Gazan, Walsh & Bernstein,* for plaintiff.
*Hitch, Denmark & Lovett* and *R. W. McDuffee,* for defendant.