28283. BOYD *v.* GARDNER.

DECIDED MAY 13, 1940. REHEARING DENIED JUNE 10, 1940.

*Hitch, Denmark & Lovett,* for plaintiff in error.

*Oliver & Oliver,* contra.

FELTON, J. (After stating the foregoing facts.) As against general demurrer the petition set forth a cause of action for maintaining premises in such a way that a dangerous and treacherous situation existed as to a person going from the studio room down the passageway to the lobby. (It would not be negligence to fail to conduct the petitioner, in the absence of knowledge of her infirmities.) The serious question in the case is whether the petition showed on its face that the plaintiff was guilty of such negligence as would bar her recovery; specifically, having ascended the

step in going into the passageway, whether she could have been charged with knowledge of the elevation, and be presumed to be capable of remembering the step-down on her return from the studio, when, under the allegations, a jury would be authorized to find that the situation presented to one going from the passageway to the lobby an appearance different from what it was to one going from the lobby to the passageway. This almost identical question was decided by this court in *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415), in which it was held that an invitee, going upon an elevated floor when the lights were bright, was not charged with the duty of recollecting the step-down when the lights were dim. In view of that ruling, and of the plaintiff's poor eyesight, it can not be said as a matter of law that the plaintiff's own negligence, if any, would bar a recovery. She might have been less negligent than the defendant, and still be entitled to recover if she could not have avoided the injury by the exercise of ordinary care. See *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060). This case is distinguishable from *Executive Committee of the Baptist Convention* v. *Wardlaw*, 180 *Ga.* 148 (178 S. E. 55), reversing *Wardlaw* v. *Executive Committee of the Baptist Convention*, 47 *Ga. App.* 595 (170 S. E. 830). In that case it was not alleged why the injured person could not have seen the step-down by the exercise of ordinary care. The court did not err in overruling the demurrers.

*Judgment affirmed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. I think the court erred in overruling the general demurrer. The plaintiff had just ascended and passed over the step-up in the floor in going from the lobby of the storeroom into the passageway leading to the dressing-room and photographic studio, and therefore she was charged with knowledge of the elevation of the floor at the point where it is alleged she fell in returning from the studio over the same passageway to the lobby of the storeroom. It is alleged that the floor of the passageway was seven and a half inches higher than the floor of the lobby of the storeroom. Only a few minutes before she was injured the plaintiff safely passed over this step-up as she went to the dressing-room, and was returning over the same elevation, step-down, when it is alleged she fell and was injured. The petition when construed on demurrer shows on its face that she was not entitled to recover.