## 40129. KORN v. TAMIAMI TRAIL TOURS, INC.

DECIDED OCTOBER 7, 1963—REHEARING DENIED
OCTOBER 18, 1963.

*G. Gerald Kunes, Robert R. Forrester,* for plaintiff in error.
*Perry, Walters & Langstaff, Robert B. Langstaff,* contra.

BELL, Presiding Judge. ■ The extensive petition before us seeks damages for an alleged injury which occurred in the State of Florida and, in effect, alleges and seeks damages for an additional transitory tort based on aggravation of the injury occurring interstate in Florida and Georgia. The petition alleges no law of Florida governing the causes. Accordingly, the law of the forum will be applied in determining whether the petition states a cause of action. *Garnto v. Henson,* 88 Ga. App. 320, 322 (76 SE2d 636); *McAlhany v. Allen,* 195 Ga. 150 (1) (23 SE2d 676); *Wood v. Wood,* 200 Ga. 796, 798 (38 SE2d 545); *Trustees of Jesse Parker Williams Hosp. v. Nisbet,* 189 Ga. 807, 811 (1) (7 SE2d

737) ; *Nalley Chevrolet v. California Bank,* 100 Ga. App. 197, 199 (2) (110 SE2d 577).

■ ■ The diligence which a carrier owes to its passengers to protect their persons while within a station is ordinary diligence. *Nashville, C. &c. R. v. Mooneyham,* 37 Ga. App. 236 (1) (139 SE 589) ; *Southern R. Co. v. Reeves,* 116 Ga. 743 (2) (42 SE 1015). "The carrier's duty of exercising ordinary care to furnish safe station facilities for those to be received or for those who have been discharged as passengers is not to be confused with the carrier's duty to use extraordinary care in receiving, transporting, and discharging its passengers." *Delta Air Lines v. Millirons,* 87 Ga. App. 334, 341 (73 SE2d 598) ; *Georgia, C. &c. R. Co. v. Brown,* 120 Ga. 380, 381 (47 SE 942).

The petition here affirmatively alleges that petitioner's wife, the passenger, was injured when she fell down a step at the front entrance to the bus station when returning to the bus from the restroom within the station. She had previously entered the station by successfully negotiating the same step.

Obviously the fall occurred during a period when the passenger had departed her position on the bus where the carrier had the duty of exercising extraordinary diligence for her safety, and had entered the station where she was merely an invitee entitled to no more than ordinary care. Thus, the petition itself, by alleging the place where the injury occurred and the movements of the passenger preceding the injury, contradicts and refutes its other allegations which charged actionable negligence to the carrier for failing to furnish assistance to the passenger (a) when she was riding as a passenger on the bus (for she was not injured while in the bus or while embarking or disembarking from it), and (b) while going to the restroom and returning (for it is not a legal duty of an owner or occupier of premises to furnish assistance to its invitees).

It follows that no cause of action is stated by those numerous superfluous allegations which refer to the unnatural position in which petitioner's wife was forced to carry her head nor by those which seek to impose upon the carrier duties of assistance to her because of knowledge of that condition.

■ No actionable negligence is stated in the petition suffi-

cient to impose liability upon the defendant for maintaining the step at the entrance to the bus station. The petitioner's theory in seeking to assert negligence against the defendant for his wife's fall down the step was predicated upon the erroneous view, as held in Division 2 (a) above, that the defendant owed his wife the duty of extraordinary diligence while in the bus station when only ordinary care is the legal standard. Stripping the petition of its superfluous matter as required by the holding in 2 (a), the petition alleges nothing in relation to the step which would authorize the imposition of liability when measured by the standard of ordinary care.

This court, in *Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347 (156 SE 275) and other cases, has taken judicial notice that marble is a proper material from which to construct a stairway, and so is brick. *Maloof v. Blackmon*, 105 Ga. App. 207 (124 SE2d 441). In this petition there is no allegation charging negligence as to the type of material used in the construction of the step, nor is there anything asserted to show negligence in the construction or maintenance of the step other than that the step was indeed there. If the court may take judicial notice that certain materials are proper ones from which steps may be constructed, all the more the court may take judicial notice, as we do, that the mere existence and maintenance of steps do not alone constitute negligence. Steps may be constructed or maintained in a negligent status but circumstances showing how these things constitute negligence are essential to be pleaded in order to state a cause of action. There is nothing pleaded here to show that the step in question was less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. *Pettit v. Stiles Hotel Co.*, 97 Ga. App. 137 (102 SE2d 693); *Watson v. McCrory Stores*, 97 Ga. App. 516 (1) (103 SE2d 648); Van v. Teche Lines, Inc. (La. App.) 164 S 267. (See the two-judge majority opinion holding to the contrary in *Wardlaw v. Executive Committee of the Baptist Convention*, 47 Ga. App. 595 (2) (170 SE 830), where the petition contained stronger allegations than here and which case was specifically reversed by the Supreme Court in *Executive Committee of the Baptist Convention v. Wardlaw*, 180 Ga. 148 (178 SE 155). Note particu-

larly the dissent of Judge Jenkins in the first *Wardlaw* case which was cited with approval by the Supreme Court in *Vaissiere v. J. B. Pound Hotel Co.*, 184 Ga. 72 (190 SE 354).)

By an amendment to the petition, petitioner alleged that the floor of the bus terminal was the same color as the outside porch which made it difficult from the inside of the terminal to see exactly where the step was located. This adds nothing to the petition except to demonstrate, when construing the petition against the pleader, that the step could have been visible to the injured wife if she had exercised ordinary care for her safety. This, coupled with the affirmative allegation that she had successfully negotiated the same step en route to the restroom, makes it obvious from the facts alleged that the proximate cause of her injury was her own negligence and not the failure of the defendant in exercising ordinary care to keep the premises and approaches safe as required by *Code* § 105-401.

The petition failed to state a cause of action against the carrier for the original injury suffered by the plaintiff's wife when she fell down the step at the Eglin Field facility.

■ In reviewing the accuracy of the trial judge's ruling on the general demurrer, a more difficult question arises from those allegations of the petition which narrate the events occurring *after* the plaintiff's wife sustained her injuries. These allegations raise the question as to whether the carrier may have breached a legal duty owing to petitioner's wife as a passenger after her injury which would warrant the imposition of liability upon it for any aggravation of damages petitioner may have incurred through the failure of the carrier's agents to make available to his wife the requested and promised medical services.

While there appears to be no direct holding in this jurisdiction on the point, several cases seem to suggest that where a passenger is injured and in need of medical attention and the carrier has knowledge of this fact, the proper exercise of the requisite extraordinary diligence of the carrier imposes upon the carrier the duty to assist the passenger in securing the medical services. As stated by Justice Lumpkin in *Georgia R. &c. Co. v. Rives*, 137 Ga. 376, 380 (73 SE 645, 38 LRA (NS) 564): "The underlying principle is, that a carrier of passengers is bound to use extra-

ordinary care for their safety in connection with their carriage and discharge; that what such care requires to be done depends on the facts of the case; and that if a passenger is manifestly infirm, sick, or blind, and this is known to the servants of the carrier, or ought to be discovered by reasonable attention to their duties, extraordinary care must be used in the light of such facts." In the *Rives* case Justice Lumpkin placed significance on the fact that the passenger there had been received with full knowledge of his blind and unattended condition, and it was alleged that a promise of assistance was given. This was sufficient, in his view, to place the duty on the carrier of rendering the promised assistance. See *Southern R. Co. v. Hobbs,* 118 Ga. 227, 230, 231 (45 SE 23, 63 LRA 68).

In the case of *Central of Ga. R. Co. v. Madden,* 135 Ga. 205, 212 (69 SE 165, 31 LRA (NS) 813, 21 AC 1077), the Supreme Court, through Mr. Chief Justice Fish, quoted with approval the rule that: "The carrier, it has been said, is under no duty to turn his vehicles into hospitals, or his employees into nurses. But if an unattended person who is so sick, aged, or otherwise infirm as to be unable to assist or care for *himself,* be accepted as a passenger, the carrier, if he has notice of the passenger's condition, is bound to exercise for his safety a degree of care commensurate with the responsibility assumed, and that would be such care as would be reasonably necessary to protect him from injury in view of his physical or mental condition. And if the passenger should be so unfortunate as to become sick while upon the journey, and in consequence less able to look after himself, he would not thereby be put beyond the pale of care and protection, and it would be the duty of the carrier, if the passenger's condition were made known to him, to give him such care and protection beyond that demanded under ordinary circumstances as would be reasonably practicable, with the facilities at hand, without unduly delaying the train or unreasonably interfering with the safety and comfort of the other passengers." For cases in general accord with these statements quoted from *Rives* and *Madden,* see Middleton v. Whitridge, 213 N.Y. 499 (108 NE 192); Alabama Great Southern R. Co. v. Alsup, 101 F2d 175, 176 (5th Cir.); Continental Southern Lines v. Robertson, 241

Miss. 796 (133 S2d 543); Searcy v. Interurban Transportation Co., 189 La. 183 (179 S 75); Alabama Great Southern R. Co. v. Taylor, 190 Miss. 69 (199 S 310).

Where, as here, portions of the petition allege that the agents of the defendant carrier had knowledge of the injuries sustained by the plaintiff's wife and, while she occupied the status of a passenger, promised at her request to call a physician to treat her for her injuries, the petition alleged a duty resting upon the carrier of rendering the promised assistance. In addition, the petition alleges a breach of this duty causing an aggravation of injuries, and this, we think, is sufficient to state a cause of action.

While the carrier may not be held liable for the results of the original injury nor the complications which would have in any event followed the injury, it may be held liable for the aggravation of the injury which was occasioned solely by the failure of the carrier to fulfill its duty in securing the promised medical services to treat the injury. This presents a jury question.

"A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Bailey v. Bell*, 208 Ga. 715, 717 (69 SE2d 272).

The trial court erred in sustaining the general demurrer and in dismissing the petition.

The judgment is reversed with directions to the trial court to cause the petition to be recast so as to conform to the holdings enunciated in this opinion.

*Judgment reversed with direction. Hall and Pannell, JJ., concur.*