### 44751. MITCHELL MOTORS, INC. v. TATUM.

BELL, Chief Judge. This appeal is from the denial of defendant's motion for summary judgment. The plaintiff sued for injuries she had sustained when she stepped off a one-step platform around the cashier's office in the defendant's place of business. She testified in effect that she did not realize that there was an offset; that she had stepped up onto the one-step platform at the cashier's cage; that the only reason she fell was because of the dropoff from the platform level to the service floor level; that she did not see the dropoff, as she was looking toward the door in the direction she was going rather than looking down; that she can see perfectly with her glasses which she was wearing at the time; that the place was rather dim but that she was aware of the red paint on

the curbing. Photographs offered by the plaintiff as well as those offered by the defendant show that the curb of the platform was painted a reddish-orange color and that this color extended a few inches on both the top edge of the platform and the edge of the lower floor. This reddish-orange paint was a different and contrasting color to the other paint on the floor and platform. *Held:*

Construing all of the evidence in the most favorable manner possible to plaintiff, since she was the defendant in the summary judgment hearing, the evidence nevertheless demands the grant of the motion and a judgment for Mitchell Motors. One need not look beyond the testimony of the plaintiff herself and the photographic evidence offered in her behalf, to see that there was nothing about the step or platform in question to make it less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. That showing is insufficient as it rebuts the issue of negligence. There can be no ultimate recovery in an action such as this unless negligence is shown. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693) ; *Watson v. McCrory Stores,* 97 Ga. App. 516 (1) (103 SE2d 648). "The mere fact that there is a slight difference between floor levels in different parts of a business building which the public are invited to enter does not in itself constitute negligence. . . Such a variation of level in buildings, amounting to only a few inches (4 to 6 as shown in adjudicated cases), constitutes a common method of construction, and does not of itself render it defective or negligent." Dissenting opinion of Presiding Judge Jenkins in *Wardlaw v. Executive Committee of Baptist Convention,* 47 Ga. App. 595, 596 (170 SE 830), approved by the Supreme Court in *Executive Committee of Baptist Convention v. Wardlaw,* 180 Ga. 148 (178 SE 155) and in a *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (1) (190 SE 354). This court has taken judicial notice of the fact that the mere existence and maintenance of steps do not alone constitute negligence. *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510, 515 (133 SE2d 616). Plaintiff's testimony that the place where she fell was "rather dimly lit," does nothing for her cause. The courts have held many times that the mere absence of lighting alone where a person falls is not sufficient to sustain a verdict and judgment against the defendant. See the excellent discussion and cases cited on

this point by Judge Eberhardt in his dissent in *Kreiss v. Alatoona Landing, Inc.*, 108 Ga. App. 427, 442 (133 SE2d 602, 22 ALR3d 579). The evidence having eliminated any issue as to the negligence of defendant, recovery is precluded. The court erred in not granting defendant's motion for summary judgment.

*Judgment reversed with direction that judgment be entered for defendant. Eberhardt and Deen, JJ., concur.*

ARGUED SEPTEMBER 3, 1969—DECIDED NOVEMBER 21, 1969.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Mary E. Brock, B. W. Crecelius,* for appellee.