45978. HERSCHEL McDANIEL FUNERAL HOME, INC. v. HINES.

EBERHARDT, Judge. Mrs. Hines, an elderly lady, went with her granddaughter to the funeral home for the purpose of attending a funeral service. They arrived early and decided to go into the chapel to see the flowers. An attendant permitted them to enter at the side door, which led immediately into the area where the flowers were displayed. They proceeded to look at the flowers, and finding one display to be a bit high for close viewing, Mrs. Hines suggested "Let's step back where we can see them better," or something to that effect, and with that she stepped backward off the altar area to the chapel floor, lost her balance, fell, and was injured. There is a difference of six inches in the floor levels of the altar area and the chapel floor where the audience is seated. The floor of both areas was covered with a green carpet, having flecks of white. There was no warning sign of the step-down, and no metal strip or other device at the

edge of the altar area for indicating its presence. The chapel—all areas—was well lighted. There were no shadows. There was no foreign substance on the floor. The carpet was clean and in good condition. She did not stumble or trip—just backed up and stepped down. She had not looked and did not know of the step-down, but could have seen it if she had looked.

Defendant moved for summary judgment, presenting plaintiff's deposition in which the above facts were testified to, affidavits and photographs of the inside of the funeral chapel. Plaintiff countered with affidavits, but these did not materially change the facts as disclosed by her deposition. Summary judgment was denied, and defendant appeals, having obtained the requisite certificate. *Held:*

This case is controlled by the rulings made in *Executive Committee of the Baptist Convention v. Wardlaw,* 180 Ga. 148 (178 SE 155), reversing *Wardlaw v. Executive Committee of the Baptist Convention,* 47 Ga. App. 595 (170 SE 830), which was conformed to in 50 Ga. App. 519 (179 SE 163); *J. B. Pound Hotel Co. v. Vaissiere,* 54 Ga. App. 162 (187 SE 279), affirmed in *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (190 SE 354); *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84); *White v. City of Manchester,* 92 Ga. App. 642, 644 (89 SE2d 581); *Nechtman v. Ben Thorpe & Co.,* 99 Ga. App. 626 (1) (109 SE2d 633), and citations; *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510, 515 (133 SE2d 616); *Houser v. Walter Ballard Optical Co.,* 108 Ga. App. 559 (133 SE2d 924).

Judge Jenkins asserted in his dissent in *Wardlaw v. Executive Committee of the Baptist Convention,* 47 Ga. App. 595, supra, "'The mere fact that there is a slight difference between floor levels in different parts' of a business building 'which the public are invited to enter does not in itself constitute negligence.' 45 CJ 866. Such a variation of level in buildings, amounting to only a few inches (4 to 6 inches shown in adjudicated cases), constitutes a common method of construction, and does not of itself render it defective or negligent. [Citations]." His dissent was referred to approvingly in *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72, supra. Floor coverings, such as the carpet used here, are likewise common in use and their use is not, of itself,

negligence. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (1) (138 SE2d 77). And see *Holloman v. Henry Grady Hotel Co.,* 42 Ga. App. 347 (156 SE 275); *Brand v. Pope,* 103 Ga. App. 489, 491 (119 SE2d 723); *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881); *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551). "The plaintiff had no right to complain of the absence of an accommodation of an unusual kind." *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390, 394 (28 SE2d 322), and see *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693).

A contention that the carpet blended and caused an optical illusion so that one would not observe the step-down cannot avail, for it does not appear that plaintiff ever looked down, or that the optical illusion, if there was one, had anything to do with her injury. She admitted that if she had looked she could have seen the step-down (confirmed by photographs of the chapel), that she did not look down, but that she stepped off *when she stepped back* for getting into a better position for viewing the flowers. As to the duty of one to use his eyesight to discover a dangerous situation, see *Holliday v. Mayor &c. of Athens,* 10 Ga. App. 709, 713 (74 SE 67).

The contention of no warning of the step-down was made in the *Wardlaw* case, but it did not avail there. Warnings of a condition which are or should be obvious are not required. "Of what avail is it to post a sign on steps saying to one who appraoches 'This is a flight of steps,' or on a brick wall saying 'Here is a brick wall,' or on a telephone pole saying 'Beware of this, it is a pole?'" *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 179, supra; *Roberts v. Bradley,* 114 Ga. App. 262 (150 SE2d 720). The duty to warn extends only to a latent danger—not to an open or obvious one. *Y.M.C.A. v. Bailey,* 112 Ga. App. 684, 698 (146 SE2d 324).

"It should be borne in mind that the merchant, the occupier of the building, is not an insurer. As has been said in one case, 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use.' *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 340 (15 SE2d 797)." *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390,

393, supra; *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (3) (174 SE2d 474).

No negligence on the part of the defendant, either in the construction or in the maintenance of the floor or of the carpet appears, and plaintiff is not entitled to recover. Her misfortune flows from an accident, for which nobody is at fault and for which nobody can be held. "[R]egardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability." *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 754 (92 SE2d 720). The motion for summary judgment should have been sustained.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*
ARGUED MARCH 8, 1971—DECIDED JUNE 15, 1971.

*Lokey & Bowden, Glenn Frick,* for appellant.
*Cullen M. Ward, Frank M. Eldridge,* for appellee.