46274. CASH & SAVE DRUGS, INC. v. DREW.

HALL, Presiding Judge. Defendant in a personal injury action appeals from the denial of its motion for summary judgment. The trial court certified the order for immediate review.

The plaintiff is an elderly lady who fell and injured herself at the rear entrance of defendant's business premises. Her petition alleges that the concrete slab under the covered entry-way was negligently constructed and maintained in that it rose some 2½ inches above the sidewalk, had no warning devices to disclose the rise; no hand rails; and that various items in the vicinity tended to act as further distraction from this dangerous rise (e.g. neon lights, brick lattice wall, stored "debris," utility poles and wires). Plaintiff's deposition clearly shows that it was a bright, dry day; that she was accompanied by two young grandchildren; that she tripped on this rise and not on any debris or other foreign matter on the slab; and that she had used this entrance at least once a month, sometimes more often, for the past six months. However, her petition stated she did not have "actual knowledge" of the rise and that it had been constructed "shortly before" her fall. There is nothing in the record to indicate exactly when the entrance was built, nor does plaintiff assert that this was the first time she had used the entrance as it was reconstructed. Even if it were, however, the test would be the same—was this rise inherently dangerous so that, assuming the exercise of ordinary care for her own safety, plaintiff could still have fallen.

We see nothing in the pleadings, deposition or photographic

evidence to indicate this entry is a hazard per se of which the proprietor had superior knowledge. The mere existence and maintenance of a difference in floor levels or of steps in a business building does not alone constitute negligence. *Hershel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7); *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510 (133 SE2d 616); dissenting opinion of Presiding Judge Jenkins in *Wardlaw v. Executive Comm. of Baptist Convention,* 47 Ga. App. 595, 596 (170 SE 830), approved in *Executive Comm. of Baptist Convention v. Wardlaw,* 180 Ga. 148 (178 SE 155) and *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (1) (190 SE 354); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (1) (138 SE2d 77). The court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Eberhardt and Quillian, JJ., concur. Whitman, J., not participating because of illness.*

SUBMITTED JUNE 4, 1971—DECIDED OCTOBER 28, 1971.

*Landau, Davis & Farkas, Leonard Farkas, II,* for appellant.
*Whitehurst & Cohen, A. J. Whitehurst,* for appellee.