### 46696. BOGGS v. GRIFFETH BROS. TIRE COMPANY.

EVANS, Judge. This is a "slip and fall" personal injury case. Harold Boggs sued Griffeth Bros. Tire Co., alleging that defendant was engaged in the tire and automobile repair business; that Boggs was an invitee on the premises to have his automobile repaired and while there he fell and sustained injury and loss due to defendant's failure to exercise ordinary care in keeping the premises and approaches safe. The complaint is based on the contention that defendant's office area is lower than the yard area, and in opening the door to enter defendant's office area, plaintiff was caused to fall by reason of a step-down; and that defendant was negligent as follows: (a) in failing to warn him of such step-down; (b) in failing to post a warning sign on the door opening to the stairs; (c) in failing to maintain a handrail; (d) in maintaining an unsafe condition; (e) in failing to keep the door locked; (f) in having an unsafe entrance; (g) in failing to anticipate that plaintiff would be injured; and (h) in failing to anticipate that a person would not readily discern the step-down.

Defendant denied the material allegations of the complaint; the case proceeded to trial, and at the close of the evidence defendant moved for directed verdict in its favor. The court directed a verdict in favor of defendant, stating that he felt the question of whether plaintiff was guilty of any contributory negligence was a jury issue, but that the court also felt that it must direct a verdict for the reason "that there has been no showing of any negligence in the maintenance or the construction of the property in question by the defendants." The judge also stated that he did not feel the evidence showed any defect in the condition of the premises which would be sufficient to make defendant liable to plaintiff for whatever injuries plaintiff sustained.

The appeal is from the final judgment with errors enumer-

ated as to (1) sustaining the motion for directed verdict; in directing the jury to return a verdict in favor of defendant and in entering judgment upon said erroneously directed verdict thereafter; (2) in sustaining defendant's objection to the certified copy of the hospital records pertaining to the plaintiff and in refusing to admit them in evidence as exhibits; and (3) in overruling plaintiff's objections to the examination of the plaintiff as a witness regarding the entrances at locations other than the one where plaintiff fell, there being no showing of substantial similarity existing between each of the entrances inquired about and the entrance to defendant's premises where plaintiff fell. *Held:*

1. Where a motion for directed verdict is made, the evidence must be construed with all reasonable deductions and inferences most favorably toward the party opposing the motion. *Royal Blue Transportation Co. v. First & Merchants Nat. Bank,* 44 Ga. App. 754 (1) (162 SE 879); *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86 (1) (123 SE2d 420).

2. One of the best established rules in Georgia is that negligence is a question for the jury including lack of negligence, diligence, lack of diligence, extraordinary diligence and slight care. *Cobb v. Coleman,* 94 Ga. App. 86, 90 (93 SE2d 801); *Martin v. Henson,* 95 Ga. App. 715, 738 (99 SE2d 251).

3. When a condition of the premises is alleged to be defective, and the condition is one of such character that reasonable and prudent men may reasonably differ as to whether a mishap could or should have been reasonably anticipated from its existence, the case is generally one for jury determination. *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 337 (15 SE2d 797); *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84).

4. Questions as to negligence and contributory negligence are, except in plain and indisputable cases, for jury determination. *Shattles v. Blanchard,* 87 Ga. App. 15 (2) (73 SE2d 112).

5. The defendant cites cases holding there is no liability for negligence of one who maintains a floor at lower level than the sidewalk or other adjoining floors. But the case sub judice is readily distinguishable from each of those authorities. Here, there was not only a floor lower than sidewalk level, but there were two step-downs, each being approximately six inches, making a total of twelve inches difference. There were no warning signs. There were certain papers (decals) plastered on the glass door of entry in such position and at such height that they very well could have interfered with the vision of one opening the door, so as to limit his view inside the room and thus "to have thrown him off guard." According to photographs in the transcript, the door, as it faced outward, was of a very light color, whereas the floors inside the room and the two step-downs were of quite dark, almost black, appearance, so as to blend into each other. It has been held many times that the mere maintainance of lower floor levels is not, in and of itself, sufficient to afford a cause of action for negligence. In *Mitchell Motors, Inc. v. Tatum,* 120 Ga. App. 689 (172 SE2d 187) it was held: "The mere fact that there was a slight difference between the floor levels in different parts of a business building to which the public are invited to enter does not in itself constitute negligence . . . such a variance of level in buildings, amounting to only a few inches (*4 to 6 as shown in adjudicated cases*), constitutes a common method of construction, and does not of itself render it defective or negligent." (Emphasis supplied). The above language is taken from Judge Jenkins' dissenting opinion in *Wardlaw v. Executive Committee,* 47 Ga. App. 595, 596 (170 SE 830). But at page 597 Judge Jenkins adds other elements which might be accounted negligence in connection with variance in floor levels, to wit: improper lighting, whereby the step-down is not plainly visible, or anything that occurs to throw plaintiff off guard "or other facts which would render the defendant liable."

In the *Mitchell* case, supra, the plaintiff had just stepped up

on a platform at the cashier's office, and was injured when she stepped off. Photographs showed the curb (elevation) was painted a reddish orange color, different and contrasting with the color of the floor and platform; there was no suggestion that the room was not well lighted. Of course, there was no liability in that case.

In *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7), there was a difference in floor levels, but the room was well lighted; there were no shadows to keep plaintiff from seeing the floor; there was nothing to interfere with her vision; she never looked down; if she had looked, she could have seen the difference in floor levels; she simply stepped backward from a raised altar and was walking backwards when she fell. Of course, there was no liability there.

In *Goodwin v. Mullins,* 122 Ga. App. 84 (176 SE2d 551) the plaintiff was a social invitee, or mere licensee, in the home of relatives, and mistakenly opened a door she thought led to the bathroom. She fell down a flight of steps. But as to such social invitee, the only duty owed to her was that the premises be maintained so as not to contain pitfalls, man-traps or things of that character. See *Flynn v. Inman,* 49 Ga. App. 186 (174 SE 551). No liability was shown in this case, but had she been there for the mutual benefit of defendant and herself, then the duty would have been owed of keeping the premises "not reasonably safe, but safe." *Martin v. Henson,* 95 Ga. App. 715, supra. And in such circumstances it may well have been that it would have been held she had a good cause of action for negligence.

In *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510 (133 SE2d 616) a bus passenger at a rest stop went to the restroom and was required to step up 3½ inches on entering same and minutes later, obviously forgetting the step-up, was injured in leaving the restroom. Of course, it was held that she had no cause of action.

We repeat that each of these cases is readily distinguishable from the case sub judice.

In *Pilgreen v. Hanson,* 89 Ga. App. 703, 709 (81 SE2d 18), it was held: "While it may be true that the mere fact that there is a slight difference between floor levels in different parts of a restaurant which the public is invited to enter does not of itself constitute negligence (see dissenting opinion of Jenkins, P. J., in *Wardlaw v. Executive Committee, Baptist Convention,* 47 Ga. App. 595 (170 SE 830), which the Supreme Court has referred to approvingly in *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (190 SE 354)), and while it may be true that the mere fact that the floor of a restaurant which the public is invited to enter is highly polished, so as to be slippery, does not constitute negligence of itself (see *Holman v. American Automobile Ins. Co.,* 201 Ga. 454 (39 SE2d 850), and citations), and while it may be true that a restaurant which the public is invited to enter may be so dimly lighted as to be in a state of semi-darkness and this fact does not constitute negligence of itself—*we cannot say as a matter of law that, in a restaurant where to the restaurateur's knowledge the three elements exist together, their combined effect is not to create a dangerous condition, nor can we say as a matter of law that the restaurateur is not negligent in failing to give invitees notice or warning of such condition. Bass v. Southern Enterprises,* 32 Ga. App. 399 (123 SE 753); *Firestone Service Stores v. Gillen,* 58 Ga. App. 782 (199 SE 853); *Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830 (169 SE 508); *Smith v. Swann,* 73 Ga. App. 144 (35 SE2d 787); *Moore v. Sears, Roebuck & Co.,* 42 Ga. App. 658 (157 SE 106)." (Emphasis supplied.)

Thus, there was an issue made for the jury's determination in this case as to negligence.

6. Plaintiff complains because the trial court refused to allow him to introduce in evidence certain hospital records which contained opinions and conclusions of persons making entries in such records. The objection by defendant to such hospital records was "en bloc"—that is, to all of the hospital records in their entirety. Certain of said

records, if offered separately, would not have been subject to objection. And where offered in their entirety, the burden and duty is cast upon the objecting party to make objection *only* to those records which are inadmissible; else, as has been held time and again, there is no error in the court's *allowance* of all such records. See *Brookman v. Rennolds,* 148 Ga. 721 (6a) (98 SE 543); *Robertson v. Cox,* 183 Ga. 744 (4) (189 SE 844); *Finney v. Blalock,* 208 Ga. 218 (1) (65 SE2d 920).

But, it has also been held, time and again, that where the trial court *refuses to allow* the introduction of a mass of documents in their entirety, some of which are admissible, and some of which are inadmissible, even though the objector does not separate and specify the objectionable portions, the trial court will not be reversed for repelling the evidence in its entirety. *Ellis v. Poe & Brother,* 109 Ga. 422 (34 SE 567); *Culpepper v. Bower,* 203 Ga. 784, 789 (48 SE2d 369); *Shadburn v. Tapp,* 209 Ga. 887, 894 (77 SE2d 7) and cases cited therein.

Thus, in this case, if the trial judge had admitted these documents, under the above cited authorities, his ruling would not have been erroneous. By the same token, since he repelled them, his ruling is likewise not erroneous.

7. Where evidence is illegally admitted, a new trial may be granted (*Code* § 70-203), yet the general rule is that the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed. *Andrews v. State,* 118 Ga. 1 (1, 3) (43 SE 852) and cases cited therein; *McKee v. Hurst & Co.,* 21 Ga. App. 571 (2) (94 SE 886) and cases cited therein. Complaint is here made that the trial court erred in overruling plaintiff's objections to the cross examination of the plaintiff regarding entrances at locations other than the one where plaintiff fell without defendant having first shown a substantial similarity to exist between such entrances. Examination of the transcript fails to disclose that this was

the objection made during the trial. The objection there was made in a request of the court to strike certain questions and answers "on the grounds that they are irrelevant and immaterial, and it sheds no light on whether or not the defendant was negligent . . ." in failing to provide a safe place for invitees. It thus does not appear that the reasons urged on appeal were raised in the lower court. *Ga. R. v. Daniel,* 135 Ga. 108 (2) (68 SE 1024); *Davis v. Buie,* 197 Ga. 835 (3) (30 SE2d 861). There is no merit in this complaint.

8. For the reasons stated above, a new trial will be required.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
Argued November 2, 1971—Decided January 5, 1972—Rehearing denied January 19, 1972—

*William O. Carter,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis,* for appellee.