## 47007. BEAUBIEN et al. v. BOGLE.

PANNELL, Judge. 1. A notice of appeal from an order "dated November 5, 1971, overruling the motion for summary judgment of defendants," where it appears from the record that the only order overruling the motion for summary judgment of defendants was dated November 3, 1971, is a sufficient description of the judgment appealed from and will not be dismissed on motion. *Insurance Co. of North America v. Jewel,* 118 Ga. App. 599, 602 (164 SE2d 846); *Brackett v. Allison,* 119 Ga. App. 632 (168 SE2d 611); *Morris v. Liberty Mut. Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174).

2. In an action by an invitee against homeowners seeking to recover for injuries received in a fall on the premises where, on a motion for summary judgment by defendants, it appears there was a stepdown about three inches or more from a level walkway into a driveway, which driveway slightly sloped to the street, which step, because of the angle of the sun was easy to see coming in and difficult to see coming out from the home, and which plaintiff had traversed going into the home and at which she fell coming out on a clear, bright sunshiny day, which fall was not caused by any substance on the walkway, steps or driveway and it does not appear that the slight difference in elevation of the stepdown from one end to the other had any causal connection with the fall, but it appears, without contradiction, that the fall occurred merely because the stepdown was there, no recovery may be had against the homeowners because of an alleged negligent failure to warn of a hidden defect or danger. *Wardlaw v. Executive Committee of Baptist Convention,* 47 Ga. App. 595 (170 SE 830); *J. B. Pound Hotel Co. v. Vaissiere,* 54 Ga. App. 162 (187 SE 279) affirmed, *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (190 SE 354); *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510 (133 SE2d 616); *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7); *Cash & Save*

*Drugs v. Drew*, 124 Ga. App. 721 (185 SE2d 786); *Executive Committee of the Baptist Convention v. Wardlaw*, 180 Ga. 148 (178 SE 155).

In so ruling, we are not unmindful that some of the cases we cite were rulings on general demurrer to petitions under the former practice when the allegations of the petitions were construed most strongly against the plaintiff, whereas, here we must construe both the pleadings and the evidence most strongly in favor of the plaintiff (*Candler Gen. Hospital v. Purvis*, 123 Ga. App. 334 (2) (181 SE2d 77)); nor are we unmindful that the evidence must demand the finding for movant. Section 56 of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; *Code Ann.* § 81A-156). The evidence here meets that standard. The trial court erred in overruling the defendants' motion for summary judgment.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
ARGUED MARCH 2, 1972—DECIDED JUNE 8, 1972.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl,* for appellants.
*Glaze & Glaze, Martha K. Glaze,* for appellee.