## 50742. LAMBERSON v. NORRIS.

CLARK, Judge.

Once again this court is called upon to decide if liability can be imposed upon a home owner by a visitor who sustains injuries from a fall resulting from a failure to observe the existence of a minor difference in floor levels. In this instance the appeal via certificate is by defendant home owner from denial of his motion for summary judgment.

As in all slip-and-fall cases the facts determine if the particular situation[1] comes within those controlling precedents which have ruled for plaintiff or defendant or held the question to be for determination by the jury.

Accordingly, we briefly detail the facts preceding plaintiff's fall. Plaintiff's husband and defendant were members of the same church bible class. On the day in question, at the invitation of defendant, class members and their families assembled at defendant's domicile for a Christmas get-together at which refreshments were to be served and gifts to be exchanged. Arriving at defendant's home at about 7:00 in the evening, plaintiff and her husband observed that defendant and his guests were in another part of the house. Neither plaintiff nor her husband had previously visited defendant's home. As plaintiff, accompanied by her husband, entered the foyer, she noticed a Christmas tree on the far side of the living room to her right. Inasmuch as she had brought two Christmas gifts to the party, plaintiff decided to place them under the tree. But plaintiff was unaware of a step-down between the foyer and "sunken" living room, and as she stepped off the foyer plaintiff fell to the living room floor, suffering severe injuries.

---

[1]"[E]ach case virtually must stand or fall upon its own peculiar facts, and any attempt to draw fine distinctions based on supposed factual differences must almost inevitably fail. In the final analysis, therefore, resort must be had to fundamental principles. . ." *Rockmart Bank v. Hall,* 114 Ga. App. 284, 286 (151 SE2d 232).

1. In cases of this type the appellant and appellee advocates argue initially the legal status of plaintiff. Because Judge Arthur G. Powell[2] expressed the applicable law so well in one of our court's earliest decisions, his opinion in *Mandeville Mills v. Dale,* 2 Ga. App. 607 (58 SE 1060) is generally cited for the seminal statements on this proposition. The first headnote reads: "The elements of legal liability of the owner or proprietor of premises for injuries occasioned to persons thereon, vary according to whether the person injured was, at the time of the injury, a trespasser, a licensee, a visitor under invitation, express or implied, or a person standing in some special relation recognized by law." At page 611 Judge Powell adopted with approval the language of a Rhode Island case: "There is a clear distinction between a 'license' and an 'invitation' to enter premises, and an equally clear distinction as to the duty of an owner in the two cases. An owner owes to a licensee no duty as to the condition of premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation."

2. Pretermitting the question discussed by both parties of whether plaintiff was a licensee or an invitee, we conclude defendant has carried the burden of showing the absence of legal liability and the non-existence of a genuine issue of material fact. For, even if judged by the higher standard of care owed to an invitee, defendant cannot be said to have breached the obligation owed to plaintiff.

In *Wardlaw v. Executive Committee,* 47 Ga. App. 595 (170 SE 830), revd. 180 Ga. 148 (178 SE 55), plaintiff sought to recover damages for injuries which she sustained as an invitee upon defendant's hospital

---

[2]Lawyers outside Georgia have now discovered the greatness of our Powell and the legendary Logan Bleckley: "Powell is always interesting, and Bleckley is a real find." So says a book reviewer in 61 Am. Bar Assn. Jour. 804 (July 1975).

premises. In her petition, plaintiff alleged her injury occurred when she fell down a five-inch step which led from a hallway to a room. In a per curiam opinion, this court ruled the petition was not subject to general demurrer on the ground that no cause of action had been asserted. In his dissenting opinion in the *Wardlaw* case supra, which foreshadowed the Supreme Court's reversal, Presiding Judge (later Justice) Jenkins stated: "The mere fact that there is a slight difference between floor levels in different parts of a business building 'which the public are invited to enter does not in itself constitute negligence.' 45 C. J. 866. Such a variation of level in buildings, amounting to only a few inches (4 to 6 as shown in adjudicated cases), constitutes a common method of construction, and does not of itself render it defective or negligent. . . Thus, the mere averment that the plaintiff fell would not aid the petition. There is no allegation that the place where the injury occurred was improperly lighted so that the 5-inch step would not have been plainly visible to the plaintiff or others who merely looked at the floor; that the construction of such a level in the building was different from common practice; that any other unusual situation in the environment of the injury existed; that the plaintiff was suffering from bad eyesight or other infirmity known to the defendant or its agent (see *Rollestone v. Cassirer,* 3 Ga. App. 161 (59 SE 442)); that anything occurred to throw the plaintiff off her guard; or that other facts existed which would render the defendant liable." This dissent was referred to approvingly in *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (190 SE 354) and followed in a number of cases hereafter cited.

In the case at bar therefore the mere difference between the level of the foyer and that of the living room (approximately six to eight inches) does not ipso facto constitute negligence. *Executive Committee v. Wardlaw,* 180 Ga. 148, supra. See also, *Mitchell Motors, Inc. v. Tatum,* 120 Ga. App. 689 (172 SE2d 187).

Nor do other facts appear which would render the defendant liable. The record reflects that the immediate surroundings were adequately lighted. Compare *Tybee Amusement Co. v. Odum,* 51 Ga. App. 1 (179 SE 415). And while neither the foyer nor the living room was carpeted,

the mere failure to provide carpeting does not constitute negligence. See *Veterans Organization v. Potter,* 111 Ga. App. 201 (141 SE2d 230).

Moreover, defendant was under no duty to warn plaintiff of the step-down. "Warnings of a condition which are or should be obvious are not required." *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, 49 (183 SE2d 7); *Beaubien v. Bogle,* 126 Ga. App. 406 (190 SE2d 830).

In sum, "No negligence on the part of the defendant, either in the construction or in the maintenance of the floor or of the carpet appears, and plaintiff is not entitled to recover. Her misfortune flows from an accident, for which nobody is at fault and for which nobody can be held." *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, 50, supra.

For similar holdings on summary judgments, see *Beaubien v. Bogle,* 126 Ga. App. 406, supra, where the step-down was three inches or more from a level walkway on to a sloping driveway; *Cash & Save Drugs v. Drew,* 124 Ga.App. 721 (185 SE2d 786) involving a slab 2 1/2 inches above sidewalk under covered entryway; *Mitchell Motors v. Tatum,* 120 Ga. App. 689, supra, dealing with one-step situation; *Family Dollar Stores v. Brown,* 123 Ga. App. 359 (181 SE2d 100) where the fall occurred because of unevenness in concrete walkway; *Houser v. Walter Ballard Optical Co.,* 108 Ga. App. 559 (133 SE2d 924) where there was a step-down of nine inches; *Martin v. Sears Roebuck & Co.,* 120 Ga. App. 66 (169 SE2d 718). In *Stephens v. Dover Elevator Co.,* 109 Ga. App. 112 (135 SE2d 593) where an elevator was 4 to 6 inches above floor level, a general demurrer was sustained, and in *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84), where a ridge existed in a door-threshold strip, the grant of a nonsuit was affirmed. And in *Pilgreen v. Hanson,* 89 Ga. App. 703, 707 (81 SE2d 18) and *Stowe v. Gallant-Belk Co.,* 107 Ga. App. 80 (3) (129 SE2d 196) our court ruled that a slight difference between floor levels is not usually in and of itself negligent construction.

3. Plaintiff contends the trial court properly denied defendant's motion for summary judgment since it is questionable as to whether defendant knew that another

person had stumbled previously upon the step-down. We disagree. "The fact that someone had previously fallen on the steps would not create a negligent condition where none had existed before." *Sanford v. Howe,* 129 Ga. App. 641, 643 (200 SE2d 508).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MAY 28, 1975 — DECIDED SEPTEMBER 3, 1975.

*Van Gerpen & Bovis, Steven J. Kyle,* for appellant.
*Moulton, Carriere, Cavan & Maloof, J. W. Moulton,* for appellee.