## 59114. RAULERSON v. BLAND et al.

SHULMAN, Judge.

Plaintiffs-husband and wife brought suit for damages sustained when plaintiff-wife fell from a platform in defendant's clothing store. On interlocutory appeal we affirm the trial court's denial of defendant's motion for summary judgment.

Although the evidence was in dispute as to the height of the platform and the width of the descending steps, the uncontradicted evidence showed that plaintiff-wife stepped upon the platform (carpeted in the same color as the main floor) to examine blouses on display; that when she reached the end of the rack she found herself at the edge of the platform; that she did not see descending steps on the platform; that she was unable to manuever the steps and fell to the floor.

It is true, as appellant contends, that neither the existence and maintenance of a difference in floor levels or of steps in a business building (see, e.g., *Cash & Save Drugs v. Drew,* 124 Ga. App. 721 (185 SE2d 786); *Beaubien v. Bogle,* 126 Ga. App. 406 (190 SE2d 830)), nor the use of the same color or blend of carpeting on different floor levels (see, e.g., *Herschel McDaniel Funeral Homes v. Hines,* 124 Ga. App. 47 (183 SE2d 7)), per se, constitutes sufficient indicia of negligence to withstand a motion for summary judgment. Plaintiffs presented additional evidence, however, showing that plaintiff-wife was "distracted by the merchandise displays designed to attract the attention of customers . . ." *Coile v. Berman-Clyatt Co.,* 151 Ga. App. 99 (1) (258 SE2d 756). This being so, the fact that plaintiff could have seen the steps had she looked at the floor does not preclude judgment in her favor. Id.

In view of the alleged distraction, questions of fact exist as to whether or not plaintiff should have been expected to have seen the steps and whether or not defendant should have anticipated that the placement of the end of the rack in close proximity to the steps would be dangerous to customers preoccupied with the display of goods. See *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473, 476 (249 SE2d 276).

Since issues of fact remain for jury resolution, the trial court properly denied defendant's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED FEBRUARY 4, 1980 —
REHEARING DENIED FEBRUARY 19, 1980 —

*William H. Pinson, Jr.,* for appellant.
*Wilson G. Pedrick,* for appellees.